## Alonzo R. Louder v. Samuel Burch.

### Foreclosure set aside as oppressive—Tender.

A foreclosure for less than ten dollars interest, without calling on the mortgagor for payment, whereby costs are made to many times the amount of the interest, is oppressive and entitled to no favor.

The foreclosure having taken place by advertisement, and land having been struck off for the amount claimed to be due, which included a considerable sum not allowable as costs, and the owner of the mortgage having become the purchaser without paying to the officer making the sale the amount of the bid less what was legally demandable; held, that the same was incomplete, and that he could not claim title under it.

A foreclosure was had for an instalment of interest. The owner of the equity of redemption disputed the validity of the proceedings and filed a bill to have them annulled. While this bill was pending the owner of the mortgage foreclosed by advertisement for the principal. The owner of the equity when the second foreclosure was begun, filed his supplemental bill, setting up a tender in full of the mortgage. The foreclosure proceedings nevertheless went on to a sale. The chancery court having found the tender, held, that it was proper to set aside the foreclosure proceedings with costs to complainant.

Held, further, that in the absence of any tender, the chancery court had full jurisdiction to dispose of the whole controversy, and if the owner of the mortgage disregarded the equity suit and proceeded to a sale, the sale must be subject to the final decree of the court.

Appeal from Manistee. Submitted Oct. 13. Decided Oct. 19.

Bill to redeem from foreclosure. Defendant appeals. Affirmed.

D. S. Harley for complainant. Foreclosure for more than is due is void, and the expenses of the foreclosure cannot be collected: Sandford v. Flint 24 Mich. 31; Lee v. Mason 10 Mich. 403; Doyle v. Howard 16 Mich. 261; Dodge v. Brewer 31 Mich. 227; Grover v. Fox 36 Mich. 461; tender of the amount due discharges the lien of a mortgage: Fuller v. Parrish 3 Mich. 211; Moynahan v. Moore 9 Mich.

9; *Caruthers v. Humphrey* 12 Mich. 270; *Van Husan v. Kanouse* 13 Mich. 303; *Flanders v. Chamberlain* 24 Mich. 305; *Eslow v. Mitchell* 26 Mich. 500; *Green v. Langdon* 28 Mich. 221; *Dodge v. Brewer* 31 Mich. 227; *Sager v. Tupper* 35 Mich. 134.

*S. W. Fowler* for defendant.

COOLEY, J. On the third day of January, 1877, Henry J. Hannaford executed and delivered to William Stephens a note for the sum of eighty-one dollars and sixty cents, payable in two years from date with ten per cent. annual interest. He also gave a real estate mortgage to secure the payment. On October 15, 1877, Hannaford conveyed the mortgaged premises by warranty deed to Louder, the complainant in this suit. Stephens assigned the note and mortgage to one Ruggles, Ruggles to Wise, and Wise to Burch, the defendant in this suit. All these assignments were within a year after the note and mortgage were given, and Louder was not aware of them.

January 12, 1878, defendant, without calling upon either Hannaford or complainant for payment, commenced foreclosure by advertisement for the instalment of interest, eight dollars and sixteen cents, which had just fallen due. By the terms of the mortgage it was provided that as often as any proceedings should be taken to foreclose the mortgage the mortgagee might tax the sum of fifty dollars as a solicitor or attorney's fee; and the notice of sale claimed this fee. Complainant denied that by the terms of the note and mortgage the interest was legally demandable annually; and on March 14, 1878, complainant made a tender of ten dollars for interest, and this not being accepted, filed his bill to enjoin a sale. A preliminary injunction was issued, but it was afterwards dissolved and on June 1, 1878, a sale was made for the sum of $105. The sum was made up of the eight dollars and sixteen cents interest, fifty dollars attorney's fee and the costs of advertisement and sale; and it is seen that the costs were nearly twelve times the debt they were made to collect.

The suit in chancery proceeded, but before it reached a decree, defendant, as soon as the principal of his debt fell due, commenced another proceeding to foreclose. Complainant offered to pay the amount of the debt, but defendant refused to receive it in satisfaction unless the costs were paid also. He did however offer to deduct half the attorney's fee, and afterwards to throw off the whole; but complainant refused to pay any costs. January 20, 1878, complainant filed a supplemental bill, setting up the second proceeding to foreclose, and praying relief against it. The circuit judge when this bill was brought to a hearing, found that the sum which the complainant offered to pay was the full sum due upon the mortgage, and decreed that on its being paid over to defendant the mortgage should be discharged. He also decreed that the foreclosure sale above mentioned, and a second sale which in the meantime had taken place, be held null and void. An appeal is taken from this decree.

There is no doubt there was interest due on the mortgage when the first foreclosure was begun, but the proceeding that was instituted for its collection without calling for payment was exceedingly oppressive and entitled to no favor. The claim of fifty dollars as an attorney's fee was wholly unwarranted, as we have decided in many cases. *Bullock v. Taylor* 39 Mich. 137; *Van Marter v. McMillan* 39 Mich. 304; *Myer v. Hart* 40 Mich. 517; *Vosburgh v. Lay* 45 Mich. 455. When therefore the sale was made for $105, it was for considerably more than was due, and defendant, who became the purchaser, could only complete the sale by paying over to the officer who made the sale, the surplus of more than fifty dollars, for the use of complainant. This payment was never made, and the sale was therefore left incomplete and ineffectual, and we have no occasion to consider any of the other questions which the parties have raised respecting it.

When the second foreclosure was begun the suit in equity was pending. Defendant was insisting on the first foreclosure and complainant was disputing it. If it was valid com-

plainant was entitled to surplus moneys arising upon it, and the dispute between the parties was such as could only be adequately dealt with in equity.   There is no doubt that the court of equity could take complete jurisdiction upon the bill then pending, and do full justice between the parties.   Under such circumstances, if defendant elected to institute new proceedings in foreclosure, when to say the least they were entirely unnecessary, he would necessarily do so subject to the final action of the court in the pending suit.   And even in the absence of any legal tender we think the court would have been justified in setting aside the unnecessary proceedings at the cost of the party taking them.

The decree must be affirmed with costs.

The other Justices concurred.