## ALFRED L. MILLARD v. JEROME TRUAX.

*Foreclosure—Attorney's fee in mortgage—Bill to redeem—Estoppel by acceptance of redemption money—Foreclosure for instalments due.*

A mortgagee cannot properly include the attorney fee in the sum for which sale is made on foreclosure.

A mortgage sale is not necessarily invalid for being made for more than was in fact due; the excessive claim becomes important only when it is attempted to redeem from the sale, and its importance depends upon its magnitude or apparent want of good faith.

Courts should protect debtors against the exaction of extortionate forfeitures, as by including an attorney fee of $50 in the amount for which a mortgage for $200 is foreclosed; and on proceedings to redeem, or otherwise, it should grant relief where the circumstances will admit of it.

Where a mortgagee retains, on foreclosure, any amount bid for the property beyond what was due, and does not pay such surplus to the proper officer, for the benefit of the mortgager or his assigns, the latter can sue either him or the officer to recover the amount; and in a case where such foreclosure had become absolute and the purchaser held a second mortgage and foreclosed it and then accepted a tender of redemption money though he claimed absolute title to the land and retained not only the excess received on the first foreclosure, but also the redemption money accepted on the second, the mortgager's assignee was allowed to maintain a bill to redeem from the first foreclosure.

No one has any right to redeem from a mortgage who has no existing interest in the land; but the tender of redemption money is con-

strued as the claim of such an interest, and if the mortgagee receives and retains the money tendered he cannot repudiate the claim.

A foreclosure sale for instalments due on a mortgage is not presumed to have been made subject to other instalments.

Appeal from Ingham. (Gridley, J.)   Apr. 11.—Apr. 18.

REDEMPTION bill.   Defendant appeals.   Affirmed.

*A. L. Millard*, in person, for complainant.

*C. A. Stacy* for defendant.

COOLEY, J.   Complainant in this case seeks to redeem from what is claimed to be an irregular statutory foreclosure of a mortgage.   The case was submitted in the court below on demurrer to the bill, and redemption was decreed.

The mortgage, as the bill shows, was given July 12, 1876, by Clark Cummings to Peter Lowe, upon lands worth three thousand dollars, and was conditioned for the payment of two hundred dollars, with ten per centum interest in one year from date.   A year's interest was paid when the mortgage fell due, but not the principal.   December 6, 1877, Lowe assigned the mortgage to defendant, and July 5, 1878, defendant assigned to Sylvester B. Smith.   This last assignment, however, was not pursuant to a sale, but Smith held the mortgage for defendant.   August 10, 1878, Smith began proceedings to foreclose the mortgage by advertisement under the power of sale contained therein, claiming that there was due at that date two hundred and twenty-one $\frac{61}{100}$ dollars.   The mortgage contained a provision for the payment of an attorney's fee of fifty dollars in case any proceedings were taken to foreclose, and this sum was also claimed as part of the amount due.   November 8, 1878, sale was made pursuant to the notice, and the whole mortgaged premises were struck off to Smith for the sum of three hundred and two $\frac{46}{100}$ dollars.   This sum included the fifty dollars attorney's fee.   Smith immediately quitclaimed to defendant.   No redemption was made from this sale, and in the winter of 1879–80, the premises being unoccupied, defendant went into possession, claiming them as owner.

December 20, 1876, Cummings gave another mortgage to defendant upon the same lands, with others, for the sum of $2500, payable with instalments as therein specified, and in April, 1880, a portion of the sum secured thereby having become due, defendant took proceedings in foreclosure under the power of sale, the notice of sale setting forth that there was due on the mortgage $1596.66, and the further sum of one thousand dollars, and interest to become due.   Pursuant to this notice sale was made of the mortgaged land in parcels, July 9, 1880, and the parcel described in the first-mentioned mortgage was struck off to defendant for the sum of fifty dollars.   July 8, 1881, complainant and Seth Bean, who in the mean time had become grantees of Cummings of the land covered by the first-mentioned mortgage, tendered to defendant the sum of fifty-five dollars in redemption from the last-mentioned sale, and defendant received the same, and the usual certificate of redemption was given.   Complainant and said Bean then filed their bill to redeem from the first-mentioned sale, claiming that it was invalid by reason of the attorney's fee of $50 having been unlawfully included in the sum for which sale was made ; but inasmuch as it did not appear that defendant had retained this sum instead of paying it over to the officer for the mortgagor or his assigns, the bill was dismissed. *Millard v. Truax* 47 Mich. 251. Bean subsequently deeded to complainant, and the present bill was filed.   It is now shown that defendant did retain the fifty dollars attorney's fee, and the circuit judge was of opinion that the case was so far different from that presented by the former bill that complainant was entitled to redeem, and decree permitting redemption was entered.

That defendant was not entitled to include the fifty dollars in the sum for which sale was made, is determined by cases which were referred to when the former suit was decided.   But a mortgage sale is not necessarily invalid because more is claimed than is in fact due ; *Klock v. Cronkhite* 1 Hill 109 ; provided the claim is in good faith ; *Jencks v. Alexander* 11 Paige 619 ; the excessive claim would be

a circumstance, only, of more or less importance according to its magnitude or apparent want of good faith, if attempt was made to redeem afterwards. In this case the excess is shown to be nearly twenty-five per centum of the amount of the mortgage. A fee of fifty dollars in a mortgage which secures two hundred dollars only, is grossly excessive and extortionate; and it is not probable that its payment is often deliberately and with understanding promised unless under circumstances which leave to the promisor little or no choice. And no doubt small estates are sometimes lost by means of these extravagant fees; the mortgagor failing to redeem from the excessive claim, when, if only the debt and legal costs were demanded, he would manage to pay them. The courts should protect debtors against such wrongs whenever the circumstances will admit of it. *Louder v. Burch* 47 Mich. 109.

The amount of the unlawful fee was not included in the sum due in this case by mere inadvertence or miscalculation, but was deliberately claimed. The sale was made for it, and defendant retained the amount as being his by right. But, as we held in the former case, he was not entitled to retain it, but should have paid the amount over to the officer for the mortgagor or his assigns. When thus retaining it, the only question in respect to it would be, what remedy the law would give against him because of its retention. The mortgagor's assigns might perhaps have brought suit against him, or against the officer, to recover the amount; but instead of doing so they proceeded on the assumption that the sale was void, and asserted their right to redeem. Defendant appears to have denied that any rights whatever existed against him in respect to this foreclosure, and while retaining the whole amount of the bid took possession of the land as being his by absolute title. When, however, he proceeded to foreclose on the second mortgage, and the assigns of the mortgagor asserted a right to redeem from the second sale, defendant seems to have made no objection to receiving the redemption moneys from them. But they could have no right whatever to make the

redemption unless they had some existing interest in the land : *Smith v. Austin* 9 Mich. 465 ; and the tender of redemption money must be understood as the claim of such an interest. The defendant, then, received the redemption money in apparent recognition of the claim under which it was paid ; but he then, while retaining the money, repudiated any such claim. His position, shortly stated, appears to be this : He has made what he claims is an indefeasible purchase of the land, though the price included a sum to which he had no claim whatever ; he has since made foreclosure of a mortgage on his own lands which could have had no purpose except to cut off rights, the existence of which he denies ; he has received from one who, he says, is a stranger to the existing title, redemption moneys which redeem from nothing, and to which he, on his theory of the facts and the law, could have no equitable claim whatsoever ; and he proposes to retain, not only the land and the portion of the price to which he has no right, but also the moneys received for a redemption which he repudiates. But this is wholly inadmissible. The circumstances fully justified the court in decreeing redemption.

It is said, however, that the unpaid portion of the second mortgage is still a lien on this land, and the decree should have recognized that fact. But this does not appear. We cannot presume that in selling off a portion of the mortgaged premises for the satisfaction of installments, the sale will be made subject to other installments ; the presumption, if any were to be indulged, would be the other way.

The decree will be affirmed with costs.

The other Justices concurred.