SARAH T. EMMONS v. FREDERICK VAN ZEE ET AL.

*Foreclosure by advertisement—Irregularities—Bill to redeem—Laches.*

1. We have enjoined foreclosure sales by advertisement upon tender of the amount due, *not* including any attorney fee; but we have never held such a foreclosure void because of including the attorney fee in the sum for which the land was sold.

2. In this case a delay of fourteen years in taking steps to redeem from a statutory foreclosure, which is claimed to be void by reason of including in the sum the land sold for an attorney fee and some unpaid taxes, is held to amount to gross laches, defeating complainant's right to redeem.

Appeal from Wayne. (Hosmer, J.) Argued November 8, 1889. Decided November 15, 1889.

Bill to foreclose a mortgage and to redeem a prior mortgage. Defendant Van Zee appeals from decree granting relief prayed. Decree reversed in part, and bill dismissed as to defendant Van Zee. The facts are stated in the opinion.

*William H. Wells,* for complainant.

*Volney H. Lockwood* and *A. M. Stearns,* for defendant Van Zee.

MORSE, J. The bill in this case is filed to foreclose a mortgage, executed May 10, 1871, by the defendants Sowden, husband and wife, upon certain lands in Wayne and Kalamazoo counties, for the sum of $13,500, and to redeem a prior mortgage on the Kalamazoo lands. The mortgage was given to George M. Pettee, and, on the day it was executed, assigned by him to Halmer H. Emmons, of Detroit, who in his will bequeathed the same to complainant. When this mortgage was made there was in existence upon the Kalamazoo lands a prior mortgage for $840, given by said George and Ann Sowden to one Martin Hydenburk, dated February 25, 1869. December 8, 1870, this mortgage was foreclosed by advertisement, and the premises bid in by Hydenburk for $794.50. December 9, 1871, Hydenburk quitclaimed the lands to Isaac A. Brown. Brown quitclaimed to John Kendall, December 6, 1872, and Kendall conveyed the lands back to Brown, May 27, 1884. June 2, 1884, Brown and wife

conveyed the premises by warranty deed to the defendant Frederick Van Zee.

The Wayne county circuit court, in chancery, decreed that there was due upon complainant's mortgage, May 14, 1889, the sum of $20,192.65, and in respect to the Wayne county lands the decree was in the usual form of a foreclosure decree. It also determined that the complainant was entitled to make payment of the prior mortgage on the Kalamazoo lands, holding the foreclosure of the same to have been void. The amount due upon said mortgage was found to be $703.43, with interest at 7 per cent. from December 8, 1870. It was decreed that if this amount was paid to defendant Van Zee, the only one defending, within 60 days after June 4, 1889, the foreclosure proceedings by advertisement should be null and void, but otherwise to stand affirmed. From this decree Van Zee appeals.

It is contended that the foreclosure by advertisement was not only irregular, but void, not only as against the mortgagor, Sowden, but against the complainant, who had a right of redemption as second mortgagee, because in such foreclosure an attorney fee of $25 and unpaid taxes to the amount of $27.01 were included in the sum for which the premises were sold. The complainant's husband became the owner of the mortgage being foreclosed in this suit the day it was made, in May, 1871. At that time the records gave him full information of the prior mortgage, and that the premises had been sold and bid in by Hydenburk, the mortgagee, and that the time of redemption would expire December 9, 1871. Fourteen years elapsed from that date before any attempt was made to redeem from this mortgage sale, or any proceedings taken to attack its validity. During this time the premises have passed through three other persons to

the defendant Van Zee, who has been in possession ever since the deed from Brown to him.

, To excuse this long neglect and laches the complainant claims the record shows that Brown took his deed from Hydenburk under an arrangement with the mortgagor, Sowden, by which Brown agreed to hold the title in Sowden's interest; that Brown did so and subsequently conveyed to Kendall, who was a brother-in-law of Sowden, and who was to carry the title for the latter until he was able to redeem, and thus save the land; that until Brown deeded to Van Zee, as Kendall's conveyance back to Brown was not recorded until Van Zee received his title, no equities grew up as against complainant, the title being held in Sowden's interest; and that but little improvements have been made since Van Zee bought it, and that the possession of the premises has been worth as much to Van Zee as he has expended on them.

We do not think the record bears out this claim, Brown testifies that he purchased the land with his own money; that he promised Sowden that he would buy it, and give him six months in which to redeem it; that at the time he sold to Kendall he did not suppose that Sowden had any interest in the land, or that Kendall was buying in Sowden's interest; that when he bought back of Kendall he paid him $1,450, and sold to Van Zee for $1,650. Sowden did not redeem, and it can hardly be said from the whole record that the title was ever held in his interest more than six months. But if it were, we fail to see how it can effect the laches of complainant as against Van Zee, who is admitted to be a good-faith purchaser. As far as the mortgagor (Sowden) is concerned, if the arrangement with Brown was, as he claims, that Brown should pay the full face of Hydenburk's bid for the land, and the attorney fee and the

unpaid taxes were included in such bid, Sowden, by so doing, acquiesced in the payment of the attorney fee and taxes to Hydenburk, as it is not claimed that he did not know they were included; and if he had carried out the arrangement with Brown by redeeming the premises, the complainant would not have been harmed by the payment of these items. When Sowden failed to redeem, the complainant was not authorized to lie by and remain silent as to the validity of this mortgage sale, and then, after the lapse of all these years, and when the rights of a third person, acknowledged to be a purchaser in good faith, have intervened, come into a court of equity and demand a right to redeem from this mortgage sale, because of these two items included in the amount realized by Hydenburk from such sale, and to oust such innocent purchaser from the possession of the premises, or force him to redeem from this mortgage of long standing, the principal of which has nearly doubled.

We have enjoined foreclosure sales by advertisement upon tender of the amount due, not including any attorney fee; but we have never held a mortgage foreclosure void because of the insertion of the attorney fee in the sum for which the land was sold. Nor is the mortgage sale necessarily invalid on this account, if the attorney fee was claimed in good faith. See *Millard v. Truax*, 50 Mich. 343 (15 N. W. Rep. 501). An opportunity was given to redeem in that case, because the fee was considered excessive, it being nearly 25 per centum of the amount of the mortgage, and for other reasons therein stated, and no such laches existed in that case as is shown here.

The same may be said of the unpaid taxes of 1869, which it is claimed were included in the sale. The tax was due and unpaid. Brown redeemed the premises from the lien of these taxes, and thinks it was deducted from

what he paid Hydenburk for the land, as he was to pay, and did pay, him the amount of money and interest paid by Hydenburk on his bid. There is no showing that the taxes were not a valid lien on the land. They have been paid, and not by the complainant. She cannot complain of such payment, and it is difficult to perceive how she has been harmed by their being included in the amount bid on the sale.

There can be upon this record no charge of bad faith made against Hydenburk for including either of the items in the amount claimed to be due on his mortgage. It was an irregularity which certainly did not void the sale, and which could only be a reason for redemption where there was no laches in moving for such redemption. Here there has been gross laches,—an inexcusable delay,—which must be held to defeat complainant's right to redeem.

The decree of the court below is reversed and set aside so far as it affects or concerns the Kalamazoo lands, and the complainant's bill must be dismissed as against the defendant Van Zee, with costs of both courts.

The other Justices concurred.