ZLOTOECIZSKI v. SMITH.

1. MORTGAGES—STATUTORY FORECLOSURE—DEFECTIVE NOTICE.
   A statutory notice of foreclosure which describes one of the
   mortgagors as "Julia," when her name is "Tofila," and is so
   signed to the mortgage, is fatally defective.

2. SAME—INEQUITABLE CONDUCT OF MORTGAGEE.
   Foreclosure of a mortgage by advertisement, without giving
   to mortgagors unable to read English any actual notice that
   a small installment of interest has remained unpaid for 30
   days, and that the mortgagee has accordingly, pursuant to
   a clause in the mortgage, elected to declare the principal
   immediately due, is oppressive, and entitled to no favor.

Appeal from Saginaw; Wilber, J. Submitted April 5,
1898. Decided May 24, 1898.

Bill by Joseph Zlotoecizski and Tofila Zlotoecizski
against Rawson Smith, Arthur H. Swarthout and wife,
and Herman Brandt and wife, to set aside a foreclosure
sale. From a decree for complainants, defendants appeal.
Affirmed.

*John A. McKay*, for complainants.

*A. H. Swarthout*, for defendants.

MOORE, J. Defendant Smith was in 1892 a resident of
the State of New York. Mr. Swarthout was his agent at
Saginaw in loaning money. June 17, 1892, during the
absence of Mr. Swarthout from the State, Mr. Hudson
was in charge of his office, and attended to his business.
The complainants, who are from Poland, and are unable
to read or write the English language, negotiated a loan
from Mr. Hudson; and a mortgage was given upon a lot
owned by them to Mr. Smith, for $130. There was paid
to complainants at this time $118. The principal was

payable, by the terms of the mortgage, in three years. The interest was 8 per cent., payable semi-annually. January 31, 1893, Mr. Swarthout commenced foreclosure proceedings, by advertisement, to foreclose the mortgage. May 6, 1893, the premises were sold to Mr. Swarthout· for $175.76. July 14, 1894, Mr. Swarthout and his wife deeded the premises to Herman Brandt, for $237.50. Soon after this, Mr. Brandt notified complainants that he was the owner of the premises. The complainants then tendered to Mr. Swarthout and to Mr. Brandt $153.64, and demanded a discharge of this mortgage. Their demand was refused. They filed this bill to have the foreclosure sale set aside, and to have the amount due on the mortgage computed, and offered to pay the amount due, and asked that upon their payment of the same the mortgage be discharged. Upon the hearing, the circuit judge found that the $12 retained at the time the mortgage was made was retained as a payment of interest in advance. He found that there was nothing due upon the mortgage when the foreclosure proceedings were commenced. He also found that the name of one of the mortgagors was " Tofila," while she was described in the foreclosure notice as "Julia," and that defendant Brandt was not an innocent purchaser. He found that the foreclosure sale was void, and directed the deeds from the sheriff to Mr. Swarthout, and from Mr. Swarthout to Mr. Brandt, to be set aside. From this decree, defendants appeal.

There is testimony tending to show that the complainants understood a payment of interest was made in advance, but, upon considering all the testimony, I do not think the fact is established. The complainants were not at all clear in their testimony, while Mr. Hudson's testimony was a detailed statement of what occurred, and it is corroborated by the testimony of Mr. Beelack, who came with the complainants to negotiate the loan. It is claimed by them that the $12 was made up of expense for abstract, for recording the mortgage, $3 to Beelack for his services, and $6.50 commission to Mr. Hudson and Mr. Swarthout for examining the property and making the loan.

It is claimed that there are irregularities in making the sale, which avoid it. There is a clause in the mortgage that, if the interest is unpaid for 30 days after it becomes due, the mortgagee may elect to consider the principal due, and that the commencement of proceedings to foreclose shall be sufficient notice of such election. The mortgage also provides for the payment of a reasonable sum as an attorney's fee in case of foreclosure. Mr. Swarthout testified that he wrote complainant Joseph Zlotoecizski that interest was unpaid, and that, if not paid, he should foreclose. Complainant testified that he never got the notice, and that, one year after the mortgage was made, he went to the office where the mortgage was made, to pay the interest, and found that Mr. Swarthout had moved, and that he made efforts to find him, and could not. No notice was served upon complainants of an election to treat the principal as due, and no notice was contained in the mortgage foreclosure of the intention to elect. When the foreclosure proceedings were commenced, according to the terms of the mortgage, one payment of $5.20 of interest was due and unpaid. The notice of sale stated that there was due $126.41. If the principal was treated as due, this amount was too little. If it was not treated as due, it was more than $100 too much. At the sale, the property was sold upon the theory that there was $140.56 due. To this amount was added an attorney's fee of $15, printer's fee of $14.70, though but $11.03 was paid to the printer, and $3 to the sheriff, and $2.50 for fees of the register of deeds. The land was sold for the aggregate of these amounts, $175.76, to Mr. Swarthout. No money was paid to the sheriff except his fee of $3. The notice stated that the mortgage was made by Joseph Zlotoecizski and Julia, his wife. The testimony disclosed that her name was signed to the mortgage as "Tofila;" and her name was "Tofila," and "Julia" is not the English equivalent of that name.

As before stated, the complainants do not read English. It does not appear from the record that they had any

knowledge of the clause in the mortgage that the principal could be declared due if an installment of interest remained unpaid for 30 days. It also discloses that, at the time complainants supposed the interest was due, they made an attempt to pay it. Mr. Hudson testified that, when the loan was negotiated, he saw the property, and inquired about its value, and thought it worth $260. The complainants lived in the same city as Mr. Swarthout, and it ought not to have been much trouble to find them. There is evidence tending to show that Mr. Brandt had attempted to buy of the complainants the property covered by the mortgage, which was a lot adjoining his, and failed. Within three days after he learned it could be bought of Mr. Swarthout, he purchased it for upwards of $237; and the fact that, as soon as the complainants learned that it had been sold, they made a tender of more than $153, shows very conclusively that they considered the property worth more than was due on the mortgage. This property was sold without any actual notice to the complainants that the mortgagee had elected to declare the principal sum due, and without any statement in the notice of sale that he had so elected. The proceedings have worked a great injury to the complainants. In relation to a like clause in a mortgage, it was said in *Wilcox* v. *Allen*, 36 Mich., at page 169:

"This clause is in the nature of a forfeiture or penalty. Its object is to punish for a willful neglect of a clear duty; and to hold it applicable to, and apply it in, a case where there was an honest dispute, would be harsh and unjust, and contrary to all well-settled equitable principles."

From what we have already said, it is evident that complainants were not guilty of any willful neglect in not paying what they understood to be due. The amount of interest due and unpaid was but $5.20. Complainants understood that the principal sum would not be due for three years, at least, while there is some testimony that they did not expect it to become due for six years. In *Mabie* v. *Hatinger*, 48 Mich. 341, the act of foreclosing

for so small an installment of interest was condemned, and characterized as unjust and oppressive. See *Louder* v. *Burch*, 47 Mich. 109; *Millard* v. *Truax*, 50 Mich., at page 346.

2 How. Stat. § 8500, subd. 1, requires the notice of sale to specify the names of the mortgagors. In this case, one of the mortgagors, whose name was "Tofila," was described as "Julia." This is not two different ways of spelling the same name, as was the case in *Reading* v. *Waterman*, 46 Mich. 111, but the names are different from each other (see *Lee* v. *Clary*, 38 Mich. 223); and we think that stating the name of the mortgagor in the notice to be "Julia," when the name in fact is "Tofila," is a fatal defect in the notice.

This is a proceeding that does not commend itself to our sense of justice. As soon as complainants learned that anything had been done to foreclose the mortgage, they made a tender of the full amount due thereon. For the irregularity mentioned, the sale should be set aside, and, upon the payment of the amount tendered, the mortgage should be discharged. A decree may be entered accordingly, with costs to complainants.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred with MOORE, J. HOOKER, J., concurred in the result.