## DeLAND v. JACOBSTEIN.

VENDOR AND PURCHASER—FORECLOSURE—FRAUD—WAIVER.
Vendor, executing new contract and accepting payment thereunder. after knowledge of the facts, waived fraud, if any, and, on default, foreclosure must be under new contract.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted April 17, 1930. (Docket No. 18, Calendar No. 34,668.) Decided June 3, 1930.

Bill by Charles J. DeLand, receiver of the Detroit Mortgage Corporation, a Delaware Corporation, against Benjamin Jacobstein and others to foreclose a land contract. From a decree for plaintiff, defendants Jacobstein appeal. Reversed and remanded.

*Joslyn, Joslyn & Joslyn,* for plaintiff.

*Maurice Sugar* and *A. Joseph Seltzer,* for defendants Jacobstein.

McDONALD, J. This is an appeal from a decree of the Wayne circuit court granting foreclosure of a land contract of date July 17, 1926, between the plaintiff as vendor and defendants Benjamin Jacobstein and Etta R. Jacobstein, his wife, as vendees.

(191)

The defendant Berman has no interest in the subject-matter of the suit. Defendant Douchan is assignee of the vendees' interest.

In 1925, the plaintiff took possession as receiver of the assets of the Detroit Mortgage Corporation. Among them was a land contract wherein Benjamin Jacobstein was vendee. He was in default on his payments. Plaintiff brought suit. A settlement was agreed upon and a new contract executed dated July 17, 1926. This is the contract which was foreclosed in the present suit. In January, 1928, the Jacobsteins were again in default. After some controversy between them and the plaintiff, a new contract was executed on January 10, 1928. The plaintiff claims that this contract was obtained through fraud consisting of false representations by Mr. Jacobstein to the effect that he had made a deal with defendant Berman whereby Berman would take an assignment of the contract and make the payments. The plaintiff says that he investigated the financial standing of Berman and made the contract in reliance on the representation that he had accepted the assignment.

As we understand the theory of the plaintiff's bill, it was filed to set aside the 1928 contract for fraud and to foreclose the 1926 contract. During the arguments at the close of the proofs, the plaintiff moved to amend the bill. The record shows:

"*Mr. Joslyn:* I move to amend the pleadings, that Mr. DeLand is foreclosing under the 1926 and the 1928 contracts. In other words the proofs presented by Mr. DeLand were that he desired to foreclose his 1926 contract in accordance with those provisions, unless the court finds the 1928 contract was in force and effect, and in that event he wanted to foreclose it."

The court set aside the 1928 contract on the ground of fraud and decreed a foreclosure of the 1926 contract.

If it be conceded that Jacobstein made all of the representations which plaintiff claims he made, that they were false, and that he relied on them, the contract ought not to have been set aside because the plaintiff waived the fraud by subsequently accepting a payment on the contract from Jacobstein. But we are not convinced that the plaintiff relied on the representations. In fact, his testimony shows that he did not. He had no confidence in Jacobstein. After the representations were made, he sent one of his employees to Berman with the contract, which was not to be delivered unless the assignment had been taken. Mr. Stitt gave the contract to Berman with instructions to return it to the plaintiff if the deal was not consummated. Either by design or mistake, Berman delivered the contract to Jacobstein. A month later, with full knowledge of all the facts, the plaintiff accepted a payment of $800 on the contract from Jacobstein. This constituted a waiver of the fraud. The court was wrong in setting aside the 1928 contract. The plaintiff was entitled to a foreclosure of this contract and the only question involved is as to his right to invoke the acceleration clause.

The contract acknowledged a payment of $5,865 on the execution thereof, and called for the payment of $85,134.95 at the rate of $800 per month, with interest payable monthly. It contained the following acceleration clause:

"If proceedings are taken to enforce the contract in equity, after default by the purchaser, the entire amount owing hereon shall be due and payable forthwith, notwithstanding anything herein contained to the contrary."

There is no doubt that the acceleration clause is valid and enforceable. The question is, Should it be applied in this case? This court has said that such a clause in a contract or mortgage is in the nature of a forfeiture or penalty the object of which "is to punish for a wilful neglect of a clear duty." *Wilcox* v. *Allen*, 36 Mich. 160; *Zlotoecizski* v. *Smith*, 117 Mich. 202.

In the instant case, a payment of $800 was due on the contract February 10, 1928. It was paid on February 13th and payment accepted without objection. The next payment came due on March 10th, which was on Saturday. On Monday, the plaintiff began this suit, claiming that under the acceleration clause the whole amount of $85,000 was due. Sunday intervened between the default and the filing of the suit in which the acceleration clause was invoked. On March 14th, the monthly payment was tendered and refused.

In his haste to begin foreclosure suit and get advantage of the acceleration clause one day after default, the plaintiff took a position similar to the man who began foreclosure suit for default in the payment of $10 interest which had just fallen due. In that case this court said:

"There is no doubt there was interest due on the mortgage when the first foreclosure was begun, but the proceeding that was instituted for its collection without calling for payment was exceedingly oppressive and entitled to no favor." *Louder* v. *Burch*, 47 Mich. 109.

The situation here is very similar. It would be exceedingly oppressive and unjust to require a vendee, who was one day late in making an $800

payment on his contract, to hastily pay $85,000 or suffer the consequence of a foreclosure.

The decree of the trial court granted foreclosure of the 1926 contract. There was no 1926 contract effective at that time. The 1928 contract had taken its place. Under his pleadings, the plaintiff is entitled to foreclose the latter contract.

The decree is reversed, and the cause remanded for further proceedings in the foreclosure of the 1928 contract. The defendants Jacobstein will have costs.

BUTZEL, CLARK, and SHARPE, JJ., concurred. WIEST, C. J., and POTTER, NORTH, and FEAD, JJ., concurred in the result.