**W. A. H. CHURCH, Inc., v. HOLMES et al.**
**No. 4974.**

Court of Appeals of District of Columbia.
Argued Dec. 3, 1930.
Decided Jan. 6, 1931.

**VAN ORSDEL, Associate Justice.**

This case is here in error to the Municipal Court of the District of Columbia, in an action by the plaintiff below to recover from defendants, trustees, under a deed of trust, the surplus obtained in a foreclosure sale over and above the amount sufficient to satisfy the mortgage with costs and commissions.

It appears that on March 10, 1923, one John W. Jackson executed a deed of trust on certain property to the defendants as trustees. The deed provided that, upon any default in payment of the note secured thereby, the trustees should sell the property at public auction "and of the proceeds of said sale or sales; firstly, to pay all proper costs, charges, and expenses, etc.; secondly, to pay whatever may then remain unpaid of said note, etc.; and lastly, to pay the remainder of said proceeds, if any there be, to said John W. Jackson, his heirs or assigns, upon the delivery and surrender to the purchaser, his, her or their heirs or assigns, of possession of the premises so as aforesaid sold and conveyed, less the expense, if any, of obtaining possession."

On March 18, 1926, plaintiff obtained a judgment against Jackson, in the Municipal Court of the District of Columbia, and on the 25th of March, 1926, docketed a transcript of said judgment in the Supreme Court of the District of Columbia.

On June 28, 1926, the defendants, as trustees, foreclosed the deed of trust by a sale of the real estate therein conveyed, and, after paying the expenses of sale, paid the surplus remaining in their hands to Jackson, the grantor. It is conceded that the judgment was duly entered in the records of the District of Columbia, and as such constituted a subsisting lien against the real estate of Jackson at the time of the sale of the property, under the deed of trust.

Defendants demurred to plaintiff's declaration in the court below on the ground of the failure of the declaration to state a cause of action, and on the further ground of the nonliability of the defendants. The court sustained the demurrer, and, plaintiff electing to stand upon the declaration, judgment was entered, from which the case comes here by writ of error.

Counsel for defendants attempt to limit the liability of the trustees under the deed of trust, to the terms of the trust, and that the only duty they owe, after the payment of the note secured by the deed, with interest, costs, and commissions, was to the grantor, the only

Charles W. Darr and H. Clay Espey, both of Washington, D. C., for plaintiff in error.

S. D. Willis, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

person with whom they had contractual relation or obligation, excepting the heirs or assigns of the grantor. This contention, of course, is based upon an attempt to establish a technical distinction between a deed of trust and a common-law mortgage in this District. That no such distinction exists was settled by the decision of this court in the early case of Middleton v. Parke, 3 App. D. C. 149, 164, where the court said: "There remains, however, the question whether the execution of a deed of trust is a compliance with the authority 'to mortgage the real estate of said minor.' It is sufficient answer to this that the deed of trust is the only form of mortgage that has been in general use in the District of Columbia for many years. The common law mortgage is practically unknown with us; and every one understands that, when a mortgage of real estate here is spoken of, the deed of trust is what is intended. The petition of Catherine Middleton alleged that it was better to mortgage the property than to sell it, and asked for leave to borrow the money upon deed of trust or mortgage; and the order of court was for leave to mortgage it. The deed of trust is here used as the equivalent of a mortgage; and so the term is universally used by the community. Indeed, while a mortgage is not necessarily perhaps a deed of trust, a deed of trust to secure the loan of money is necessarily a mortgage. This objection, therefore, as well as the others, we are compelled to regard as without foundation."

In Wood v. Grayson, 22 App. D. C. 432, 445, it was held that deeds of trust were in their nature and effect merely mortgages to secure debts, and that the mortgagor was the real owner, continued as the real owner of the property conveyed in fee, and, notwithstanding the conveyance by deed of trust, "the equity of redemption is considered to be the real and beneficial estate; and it is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an absolute estate of inheritance at law. Except as against the morgtagee, the mortgagor, while in possession and before foreclosure, is regarded as the real owner, the mortgage or deed of trust being a mere security for debt, upon the payment of which the mortgage or deed of trust becoming extinct."

■ The trustees, under a deed of trust, occupy a dual relation. They represent primarily the mortgagee to the extent of satisfying the mortgage, and, in case of sale, conveying the property to the purchaser. They are likewise trustees for the mortgagor or owner of the equity of redemption, as to any surplus derived from the sale above the amount necessary to satisfy the claim of the mortgagee. Dennett v. Perkins, 214 Mass. 449, 101 N. E. 994. They are, therefore, custodians of the fund and bound to apply it properly, and are liable to the person or persons entitled thereto, and, where they fail to properly apply the funds, they are liable to the person damaged by such failure. Hayes v. Woods, 72 Ala. 92; Webster v. Singley, 53 Ala. 208, 25 Am. Rep. 609; Atkinson v. Foote, 44 Cal. App. 149, 186 P. 831; Millard v. Truax, 50 Mich. 343, 15 N. W. 501; Kleinman v. Neubert, 142 Minn. 424, 172 N. W. 315.

In Massachusetts, under a statute authorizing the proceeding, a subsequent lien creditor may, by a proceeding in equity, attach the equity of redemption or surplus in the hands of a mortgagee or trustee, and in that manner apply the surplus to the satisfaction of the subordinate lien. Judge v. Herbert et al., 124 Mass. 330; Wiggin et al. v. Heywood et al., 118 Mass. 514.

In Jones v. Sheppard, 145 Mo. App. 470, 122 S. W. 764, 767, it was held that as between lienors and a junior mortgagee the mortgagor is entitled to the surplus under a foreclosure of the mortgage, unless he had specifically relinquished it. This is on the theory that the purchaser at a junior mortgage sale assumes the prior incumbrances and buys subject thereto; hence, the surplus would go to the mortgagor. But said the court: "Junior incumbrancers will take precedence over the mortgagor, as regards the right to have their demands paid out of the surplus, because the execution of a junior mortgage amounts to an assignment of the mortgagor's equity of redemption to the junior mortgagee and of the assignor's right in equity to the surplus in case of a sale under the prior incumbrance."

■ Plaintiff's judgment was a second lien against the property of Jackson. When the first lien secured by the deed of trust was satisfied, the trustees were no longer trustees for the mortgagee, but they became trustees for the mortgagor, as to the surplus left over or the equity of redemption, which immediately became subject to the claims of junior mortgagors, judgment or lien creditors, of which, in the present case, plaintiff was the only one. The duty of a mortgagee or trustee, in such a case, is clearly stated in Markey et al. v. Langley et al., 92 U. S. 142, 155, 23 L. Ed. 701, as follows:

"A mortgagee, in such circumstances, is a trustee for the benefit of all concerned. He must regard the interests of others as well as his own. He should seek to promote the common welfare. If he does this, and keeps within the scope of his authority, a court of equity will in no wise hold him responsible for mere errors of judgment, if they have occurred, or for results, however unfortunate, which he could not reasonably have anticipated. Hext v. Porcher, 1 Strob. Eq. [S. C.] 172.

"The second proposition is also untenable. The liens of the mortgages and the mechanics' lien attached to the proceeds of the sales in the same manner, in the same order, and with the same effect, as they bound the premises before the sales were made. Astor v. Miller et al., 2 Paige [N. Y.] 68; Sweet v. Jacocks, 6 Paige [N. Y.] 355 [31 Am. Dec. 252]; Brown v. Stewart, 1. Md. Ch. 87; Olcott v. Bynum, 17 Wall. 63 [21 L. Ed. 570]. * * * The fact that the sale was made by the mortgagees, acting as trustees and performing the functions of a master, does not change the principle involved, nor affect its application."

■ It is contended, by counsel for defendants, that the trustees in disposing of the surplus were not required to take cognizance of the judgment lien in the absence of actual notice. In other words, they were not bound by constructive notice of what the records of the Supreme Court of the District of Columbia disclosed as to Jackson's title. It is, however, conceded that, had the trustees been given actual notice of the existence of plaintiff's judgment, they would have been bound to recognize it and would accordingly be liable if they then turned the surplus over to the mortgagor. Constructive notice of matters of public record is equivalent to actual notice. As was said in Butte & Superior Copper Co. v. Clark-Montana Realty Co. et al., 249 U. S. 12, 27, 39 S. Ct. 231, 234, 63 L. Ed. 447: "It—constructive notice—is the law's substitute for actual notice, and to say that it and actual notice are equivalents would seem to carry the self-evidence of an axiom." In Townsend v. Little et al., 109 U. S. 504, 3 S. Ct. 357, 361, 27 L. Ed. 1012, it is said: "Constructive notice is defined to be in its nature no more than evidence of notice, the presumption of which is so violent that the court will not even allow of its being controverted."

In District of Columbia v. Atchison, 31 App. D. C. 250, 263, we held that a citizen and taxpayer is chargeable with notice of the condition of the public treasury. In Security Investment Co. v. Garrett, 3 App. D. C. 69, 77, the court said: "It is laid down in the books that notice may be either actual or constructive; but for most purposes there is no real difference between the different species of notice as to their effects upon transactions between parties. Constructive or implied notice affects a transaction in the same manner that actual notice will affect it."

■ Strictly speaking, the term, "constructive notice," is applicable to extraneous facts which are the subject of proof which may be rebutted. This is very different from notice under the recording statutes. The principal object of requiring registration and the public record of judgments and liens is notice to all the world of their existence.

■ While the trust deed purported to recite the duties of the trustees, they could not escape any obligation which, in the same conditions, would rest upon a mortgagee, since they assumed the same trust obligations in accepting the trust that would be imposed upon the mortgagee. We think it well settled that a mortgagee foreclosing a mortgage in his favor must satisfy subordinate mortgages, judgments, or liens against the property, from the surplus in his possession before turning any of the surplus over to the mortgagor. There is diversity of opinion and respectable authority that hold a mortgagee is not responsible unless notice of claims against the surplus is given, and that he is under no duty to examine the records to ascertain whether subordinate mortgages, judgments, or liens, may have been registered; but we think the great weight of authority is in favor of the safer and more equitable rule here announced. With the duty thus imposed upon the trustees or mortgagee of taking notice of the records before turning over the surplus, the necessity of proceeding in equity by a lienholder to enforce his claim against the surplus is obviated, and the action, as in the present case, may be in assumpsit, since the law fixes the obligation. Webster v. Singley, 53 Ala. 208, 25 Am. Rep. 609.

We have not been able to find a case exactly analogous to the case at bar, where the surplus has been turned over to the mortgagor before suit to recover it from the mortgagee or trustees for the judgment creditor. We think that, inasmuch as the proper remedy is in the nature of an action in assumpsit for money had and received, it is totally immaterial whether the surplus fund is still in possession of the trustees or has wrongfully been paid by them to another. The judgment was notice to them of a valid subsisting

lien against the surplus, and if, ignoring this notice, they paid the money to the mortgagor to the damage of plaintiff, their liability to plaintiff remains the same.

In many of the cases examined, the question of the right of the subsequent lienholder to recover from the surplus arose in the court of equity, where the foreclosure of the first mortgage had been by equitable proceeding. There are few, if any, jurisdictions where the matter of foreclosure is conducted in the summary way that prevails in the District of Columbia, where, under a power of sale conferred in the deed of trust, the trustees may, on short published notice, sell the property mortgaged without any right of redemption in the mortgagor. The rule, therefore, that the trustees shall take notice of the records as to junior mortgages, judgments, or liens, before disposing of surplus moneys in their hands or turning it back to the mortgagor, is not a harsh one, but a wholesome equitable requirement for the protection of junior incumbrancers. It is no burden upon the trustees to require them, before paying the surplus, to have a proper search made of the records, or require the mortgagor to present a certificate from the proper officers certifying that the record is clear of existing incumbrances.

The judgment is reversed, with costs, and the cause is remanded for further proceedings, not inconsistent with this opinion.