CRISTOBAL SOLIS, Plaintiff, *v.* J. H. WINCHESTER & Co., INC., Defendant.

Supreme Court, Special Term, New York County, December 8, 1950.

*Hanrahan & Brennan* for defendant.

*William L. Standard* for plaintiff.

STEINBRINK, J. In this action which is brought in our State court to recover damages imposed by Federal law (Jones Act, U. S. Code, tit. 46, § 688) for injuries sustained by plaintiff while a member of the crew of the S. S. *Joel Chandler Harris,*

defendant moves for summary judgment dismissing the complaint. The basis of the motion is that the moving papers including the attached contracts establish as matter of law that no liability can attach to the defendant; that the liability incurred, if any, is that of the owner and employer, in this case the United States of America (acting through the instrumentality of the War Shipping Administration).

It is not disputed that the defendant, J. H. Winchester & Co., Inc. (hereinafter sometimes referred to as Winchester) had a status vis-a-vis the United States Government of "General Agent" under the terms of the standard War Shipping Administration contract entered into. It is not disputed that if the situation herein is analogous to that before the court in *Cosmopolitan Shipping Co.* v. *McAllister* (337 U. S. 783), the result arrived at there controls in this case and no cause of action is set forth. Plaintiff argues, however, that there are factual and legal differences in the instant case which distinguish it from the *Cosmopolitan Shipping Company* case; at least that such differences are indicated to a degree that require clarification at a trial.

Liability herein can be spelled out only if plaintiff can establish that Winchester was its employer. As pointed out in the *Cosmopolitan* case (p. 791) "under the Jones Act, only one person, firm or corporation can be sued as employer. Either Cosmopolitan" (read Winchester) "or the Government is that employer."

The *Cosmopolitan* case construed contracts substantially similar to those involved herein, as did the prior opinion of the same court in *Caldarola* v. *Eckert* (332 U. S. 155). In the *Caldarola* case it was held that a defendant operating as "General Agent" of the United States Government was not liable to a business invitee for injuries sustained in connection with loading of the vessel. The *Cosmopolitan* case reached the same conclusion with respect to a member of the crew, as is this plaintiff. Said the opinion in the *Cosmopolitan* case (p. 793) : "*Caldarola* held that the general agents under the standard form contract were not in possession and control of the vessel so as to make them liable under New York law to an invitee for injuries arising from negligence in its maintenance. Pp. 158–59. Our ruling was based on 'the interpretation of that contract' as 'a matter of federal concern.' We do not think it consistent to hold that the general agent has enough 'possession and control' to be an employer under the Jones Act but not enough to

be responsible for maintenance under New York law. It is true, as respondent argues, that *Caldarola* dealt only with the general agent's liability to a stevedore, as opposed to a crew member, under the law of New York. We think, however, that vicarious liability to anyone must be predicated on the relation which exists under the standard form agreement and the shipping articles between the general agent on the one hand and the master and crew of the vessel on the other. *Caldarola* held that this relation was not one which involved that proximity necessary to a finding of liability in the general agent for the torts of the master and crew. We perceive no reason why the rationale of this holding does not apply with equal force to a suit under the Jones Act. Under common-law principles of agency such a conclusion is required. We think it equally compelled even if we are to adopt, as the court in *Hust* [*Hust* v. *Moore-McCormack Lines,* 328 U. S. 707] suggested, the perhaps less technical and more substantial tests propounded in *Labor Board* v. *Hearst Publications,* 322 U. S., 111." (i. e., that " the word ' employment ' should be construed so as to give protection to seamen for torts committed against them by those standing in the proximate relation of employer, and the rules of private agency should not be rigorously applied." (*Cosmopolitan Co.* v. *McAllister, supra,* pp. 790–791.)

The standard contract entered into between Winchester and the War Shipping Administration in this case contains the same provisions and meets the same tests as those applied in the *Cosmopolitan* case (see pp. 795, 796, thereof). This standard form of general agency contract is published in the Federal Register and plaintiff is chargeable with notice thereof (*Federal Crop Ins. Corp.* v. *Merrill,* 332 U. S. 380, 384–385; *Church, Inc.,* v. *Holmes,* 46 F. 2d 608, 611; *Bohannon* v. *American Petroleum Transport Corp.,* 86 F. Supp. 1003).

The shipping articles signed by all members of the crew, including plaintiff, bore the notation under the printed caption at the head thereof " Operating Company on this Voyage " that such operator was " W. S. A., Wash., D. C." Immediately under this was written " J. H. Winchester Co." Plaintiff argues that this notation was ambiguous and in this respect constitutes one of the points of distinction relied upon; that it is not shown thereby that Winchester's status was that of " General Agent ". But the primary designation of the War Shipping Administration as operator plus the terms of the standard contract, in my opinion, furnished sufficient notice and evidence of such fact.

Plaintiff stresses also the circumstance that examination of the record in the *Cosmopolitan* case reveals that the shipping articles were stamped at the top, " You are being employed by the United States," whereas the articles herein were not.

This court does not think these distinctions sufficient to overthrow the legal status of the defendant as established by the designation of the War Shipping Administration as " Operating Company on This Voyage " and the provisions of the standard contract as aforesaid.

This court has read carefully the well-reasoned opinion in the recent case of *Paschal* v. *North Atlantic & Gulf S. S. Co.* (U. S. Dist. Ct., S. D. N. Y., Sept. 22, 1950, LEIBELL, J.), but is compelled to reach a different conclusion with respect to the necessity for a further clarification to establish defendant's nonliability.

The motion for summary judgment dismissing the complaint, accordingly, is granted.