J. FREDERICK BEHN ET AL., PLAINTIFFS IN ERROR, v. THE NATIONAL BANK OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 11, 1900—Decided March 4, 1901.

1. The act of March 14th, 1895, requiring agreements for conditional sales to be recorded, gives to a subsequent mortgagee in good faith priority over the conditional title of the vendor named in the agreement, although the mortgage was executed by the vendee of the purchaser named in the conditional agreement.
2. The title of a *bona fide* purchaser is good although acquired from one whose title is not *bona fide*.

In tort. On error to the Supreme Court. This cause was tried at the September Term, 1898, of the Middlesex Circuit, before Justice Collins and a jury, and a verdict rendered for the defendant.

For the plaintiffs in error, *Voorhees & Booraem.*

For the defendant in error, *Alan H. & Theodore Strong.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action of tort, charging defendant bank with the conversion of a refrigerating machine, which had been sold by plaintiffs to one Weidmier and put up by him in a brewery.   The sale to Weidmier was evidenced by a writing dated February 24th, 1897, which provided that the sale should be conditional, the title to remain in the vendor until paid for by Weidmier, who gave his notes for the price of the machine.

Weidmier, before he paid for it, sold it to the Waldschloss Brewing Company, which assumed his contract and the payment of his notes to vendor.

The conditional sale agreement was not recorded as required by the statute of May 9th, 1889, as amended March 14th, 1895.   *Gen. Stat., p.* 891.

The said brewing company executed a chattel mortgage to the defendant bank September 30th, 1897, to secure the sum of $6,000.

The trial court submitted to the jury the question whether the bank was a mortgagee in good faith.

The plaintiffs contend that the proper construction of the statute is, that if the conditional agreement is not recorded, it shall be void as against judgment creditors of the person so contracting to buy of the plaintiffs and as to purchasers and mortgagees directly from said vendee; that therefore the conditional sale, although unrecorded as required by the statute, was void only as to judgment creditors of Weidmier and as to subsequent purchasers and mortgagees from Weidmier in good faith, and that the infirmity in the plaintiffs' conditional title, by reason of the failure to record, did not continue after the title passed out of Weidmier as to the judgment creditors of his vendee and purchasers and mortgagees in good faith from such vendee.

This meaning, we think, cannot be attributed to the legislation in question.

The statute as originally passed (*Pamph. L.* 1889, *p.* 421) made the unrecorded conditional sale void only as against "subsequent purchasers and mortgagees thereof in good faith." It applied to all subsequent purchasers and mortgagees in good faith, whether they acquired title or lien from the first vendee or from his vendees.

The act of 1895 (*Pamph. L., p.* 302) amended the act of 1889 by inserting the words "the judgment creditors of the person so contracting to buy the same," so that the statute now reads that "the unrecorded conditional sale shall be absolutely void as against the judgment creditors of the person so contracting to buy the same and subsequent purchasers and mortgagees in good faith."

The provision inserted in the act of 1895, by way of amendment to the act of 1889, brought a new class of persons within the benefit of the act, namely, the judgment creditors of the person contracting to buy, but it did not withdraw from its operation the protection which had been previously accorded to "purchasers and mortgagees in good faith," nor contract in anywise the meaning and effect of that provision of the act of 1889, which was retained in the act of 1895.

Purchasers and mortgagees in good faith from the brewing company are as much within the reason and spirit of the act and as much in need of protection against secret unrecorded liens as if they were purchasers and mortgagees from Weidmier.

The trial jury found that the defendant bank was a mortgagee in good faith, and that, in our judgment, established its title as superior to that of the plaintiffs under the conditional sale.

The trial court was asked to charge the jury that as the Waldschloss Brewing Company had notice of the conditional sale, and therefore was not a purchaser in good faith, it could not pass a good title as against the plaintiffs to the bank.

It is well-settled law of this state that the title of a *bona*

*fide* purchaser is good although acquired from one whose title is not *bona fide*. *Danbury* v. *Robinson*, 1 *McCart.* 213; *Phelps* v. *Morrison*, 10 *C. E. Gr.* 538.

There was no error in the refusal to charge this request.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.