MICHAEL REISCHMANN ET AL., PLAINTIFFS IN ERROR, v. JOHN H. MASKER, DEFENDANT IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

1. An unrecorded contract for the conditional sale of goods and chattels, accompanied by an actual delivery, and followed by an actual and continued change of possession of the things contracted to be sold, wherein it is provided that the ownership of such goods and chattels is to remain in the person so contracting to sell the same until the same are paid for, or until the occurring of some future event or contingency, is valid, and may be enforced against ordinary creditors of the person contracting to buy the same. The Recording act of 1889 (*Pamph. L., p.* 421), as amended by the act of 1895 (*Pamph. L., p.* 302; *Gen. Stat., p.* 891), voids such instruments, when not recorded, only as against judgment creditors of the person so contracting to buy the same, and subsequent purchasers and mortgagees thereof in good faith.

2. A landlord who has caused a distress to be levied upon such goods and chattels in possession of the person so agreeing to buy, for arrears of rent of the premises occupied by him, is not a judgment creditor within the meaning of said amended act.

On error to Hudson Circuit.

For the plaintiffs in error, *Cowles & Carey.*

For the defendant in error, *Potts, Midlige & Higgins.*

The opinion of the court was delivered by

HENDRICKSON, J. ·This writ brings up for review a judgment of the Hudson Circuit in favor of the defendant in an action of replevin. The case was tried by the judge, a jury being waived upon facts stipulated. The question in controversy is as to the legal effect of an unrecorded agreement of conditional sale in the form of a lease where the possession of goods has been given thereunder as against a distress of the goods of the lessee. The facts giving rise to the controversy briefly stated are these: The plaintiffs, in the instrument referred to, signed by the lessee and delivered to plaintiffs, rented to one Pandeledis, with place of business at 127 Newark avenue, Jersey City, certain mahogany tables and certain chairs therein described, valued at $215, for the use of which the latter agreed to pay rent as follows: $115 immediately upon receipt of the chattels as payment for the rent of the first month only, and then at the rate of twenty-five dollars per month, payable in advance at a specified date in each month named for four months, at plaintiffs' office in New York without notice or demand. The lessee further agreed that until all of the rent was fully paid the chattels specified were to remain the exclusive property of the plaintiffs, and that upon default in any of the payments, he would return and deliver the same to plaintiffs at their office or wherever they might direct in good order, &c. It was also agreed therein that when the payments of rent should have amounted to $215, the chattels should become the property of the lessee and a bill of sale for the same should be given by plaintiffs. Shortly after the making of the lease, the chattels were delivered in pursuance of the agreement therein to Pandeledis at his place of business, the latter having paid the sum reserved for the rent of the first month. After de-

fault had been made in the further payments of the rent, but
before the expiration of the time limited for the final payment,
Mayer Brothers issued a landlord's distress warrant for the
recovery of $200 due to them by Pandeledis for rent of his
place of business. The defendant, who was a constable, by
virtue of the distress warrant, levied upon the tenant's per-
sonal property and included with his levy the chattels in pos-
session of Pandeledis under the lease. The plaintiffs in this
suit thereupon demanded of the defendant the delivery to
them of the said chattels, but such demand was refused, and
thereupon plaintiffs. brought their said action to recover the
possession thereof. The defendant by his plea avowed the
taking of the chattels under and by virtue of the distress
warrant as the property of Pandeledis. By an oversight the
plaintiffs failed to have the lease recorded as an agreement
of conditional sale in the register's office of Hudson county,
so that the sole question for the determination of the court
below, as the parties expressed it in their stipulation, was
"whether on account of the failure of the plaintiffs to file or
record the lease in said office pursuant to the provisions of
chapter 271 of the laws of 1889 (*Pamph. L., p.* 421) as
amended by chapter 144 of the laws of 1895 (*Pamph. L., p.*
302), the defendant, by virtue of his levy under said distress,
acquired a lien upon the chattels mentioned superior to the
title of the plaintiffs." The court below found in favor of
the defendant and gave judgment accordingly. One of the
grounds expressed in the judge's finding is that the inten-
tion of the statute above cited, as amended, is "that if the
lessor or vendor intends to claim the property as his own
against creditors, purchasers or mortgagees of the vendee, he
must give notice of that fact by recording his contract of sale
or agreement pursuant to the above-mentioned statute." By
section 1 of the act of 1889 above referred to, such contracts
of conditional sale are declared to be "absolutely void as
against subsequent purchasers and mortgagees in good faith."
*Gen. Stat., p.* 891. By the supplement of 1895, the first sec-
tion of the original act was amended so that such unrecorded
contracts of conditional sale are declared to "be absolutely

void·as against the judgment creditors of the person so contracting to buy the same, and subsequent purchasers and mortgagees in good faith." *Gen. Stat.*, p. 891, § 191. It must be observed that from the express words of this section of the statute, as amended, it follows that such unrecorded contract of conditional sale is good against all the world, except "judgment creditors of the person so contracting·to buy, subsequent purchasers and mortgagees thereof in good faith." The learned trial judge, it would seem, construes the statute so as to include also ordinary creditors. He has failed to give his reasons for such conclusion, and has cited no authority in its support. Such a contention was made in *Wooley* v. *Geneva Wagon Co.*, 30 *Vroom* 278, where an attaching creditor claimed preference by its levy over the owner who had made such a contract of conditional sale of wagons with the debtor, which was also unrecorded. It was there based upon the ground that by the sixth section of the act of 1889 it is declared that such contracts of sale should be "valid against the creditors of the person contracting to buy and against subsequent purchasers and mortgagees from the times of the recording thereof until the same be canceled of record," &c. The argument was that the declaration in this section that if the contract of conditional sale shall be recorded it shall be valid against creditors implies that if it be unrecorded it shall be invalid against such creditors. Chief Justice Beasley, in speaking for the Supreme Court, in the course of a most satisfactory answer to such a suggestion, said: "Such a construction would operate in amplification of the language of the first clause of the act above recited, but as that language is unambiguous, it is, upon the plainest principles, unalterable by implication." We entirely concur with the view of the Supreme Court in that case as to the proper interpretation of the act in question. See, also, *Behn* v. *National Bank of New Jersey*, 36 *Vroom* 591.

Another ground upon which the trial judge rested his decision was that the landlord's right to his rent was superior even to the lien of a levy under an execution, and that the distress warrant was as effective against a tenant as an exe-

cution upon a judgment. This is also a contention of the plaintiff in error here. It may be said in reply that such process can only affect the tenant's goods that may be on the premises at the time, or that may have been removed therefrom within thirty days; it has not the force of a personal judgment followed by an execution, which extends to the defendant's property anywhere within the jurisdiction of the court. Nor can a levy under a distress warrant affect goods in the tenant's possession that belong to another. But the all-sufficient answer is that the landlord under such circumstances is not a judgment creditor within the plain meaning of the statute, and, as already shown, its meaning cannot be extended by implication. Such statutes are restrictions upon common right and must be construed strictly. *Wooley* v. *Geneva Wagon Co., ubi supra.*

Upon the stipulated facts contained in the record the judgment for the defendant below will be reversed and final judgment entered in favor of the plaintiff, with costs. *Sullivan* v. *Visconti,* 39 *Vroom* 543.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 13.