MATTHIAS WOOLLEY, PLAINTIFF IN ERROR, v. THE GENEVA WAGON COMPANY, DEFENDANT IN ERROR.

1. The act of 1894 requiring the recording of instruments attesting the conditional sales of chattels, does not invalidate such sales in favor of *creditors* if the instrument be unrecorded; in such event it is avoided only in favor of subsequent purchasers and mortgagees.
2. When the vendor does not reside in this state, and the articles sold are not in it at the time of the sale, the statute has no application to the transaction.

On error to the Monmouth Pleas.

On August 14th, 1894, a writ of attachment issued out of the Monmouth Pleas in favor of Nicholas J. Demarest against Morris Kraus and Benjamin Kraus, non-resident debtors, which was placed in the hands of the plaintiff in error, who was then sheriff of Monmouth county, and by virtue thereof the sheriff attached two wagons, which were then in the possession of the defendants in attachment, Kraus Brothers.

Shortly after this levy, the Geneva Wagon Company, the defendant in error, demanded the wagons thus attached, claiming them as its own property, on the ground that by virtue of a written agreement the Kraus Brothers were not to have title to the property until the purchase-money should have been paid.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff in error, *James E. Howell.*

*Contra, Alfred Walling, Jr.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It is not disputed in this case that the defendant in error is the owner of the property in controversy, the only contention being that as it made a conditional sale of such property to the defendants in attachment, and the instrument of sale was not recorded, that thereby the things attached were subjected to this levy by force of the statute of this state. The ground taken is that the plaintiffs in attachment, as creditors of the conditional vendee, had the right to seize the property in question.

The act that is vouched for this doctrine is entitled "An act requiring contracts for the conditional sale of personal property to be recorded," and contains in its first section the following regulation, viz., " that in every contract for the

conditional sale of goods and chattels hereafter made which shall be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until such goods and chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, and as to them the sale shall be deemed absolute unless such contract for sale, with such conditions and reservations therein, be recorded as directed in the succeeding section of this act." *Gen. Stat., p.* 891, § 191.

It is obvious that the legislative purpose as here expressed is not left liable to the suggestion of a doubt, for it declares most perspicuously that the instruments to which it relates shall be void as against two classes of persons—that is, "subsequent purchasers and mortgagees in good faith." In the presence of this definite and accurate designation of the persons in whose behalf it is to operate, it would be plainly absurd to contend that, so far as this section is concerned, there is an iota of uncertainty.

This appears to be admitted in the brief of counsel, but it is contended that the provision is to be modified inferentially by the regulation contained in the last section of this law, which is in these terms, viz., "that every contract of sale hereafter recorded pursuant to the provisions of this act shall be valid against the creditors of the person contracting to buy and against subsequent purchasers and mortgagees from the time of the recording thereof," &c. *Id.,* § 190.

The argument urged in this respect is that the declaration herein contained, that if a conditional sale shall be recorded it shall be valid against creditors, implies that if it be unrecorded it shall be invalid against such creditors. It is true that this provision adds nothing to the right of the owner against creditors, because in the absence of such provision his

ownership is paramount to the claims of creditors of his conditional vendee. These legislative expressions, therefore, are a recognition of his common right in the articles sold, but they do not impose any limitation upon such right. Such a construction would operate in amplification of the language of the first clause of the act above recited, but as that language is unambiguous, it is, upon the plainest principles, unalterable by implication. These two sections are not out of harmony, for they can both be effectuated according to their terms. Under such circumstances the function of the court is to interpret, and not to construe, these statutory terms. It is also to be borne in mind that, as this act restricts the right of property by regulating its use, the legal rule is that when such legislation is to be construed the construction must be strict.

Besides the foregoing considerations there is also another, which, although it appears to have escaped the attention of counsel, is entirely conclusive of the question raised.

The facts stated upon the record plainly show that the sale here in question is not within the operation of the statute requiring the recording of instruments that evidence the conditional sale of chattels. It here appears that the property sold was, at the time of such contract, in the State of New York, and that the vendee was then a resident of that state, and that the property was subsequently, without the knowledge of the vendor, brought by the purchaser into New Jersey. By reference to the act of 1894, which is the pertinent one, it will become manifest that the instrument now in question could not by any possibility have been recorded in conformity to its requisition. Touching this particular the statutory language is as follows, viz.: "That the instruments mentioned in the preceding section shall be recorded in the office of the county wherein the party contracting to buy, if a resident of this state, shall reside at the *time of the execution thereof,* and if not a resident of this state then in the clerk's office of the county where the property so conditionally bought shall be at the *time of the execution of the instrument,*" &c. *Gen. Stat.,* § 186.

As has been shown in the present case, the vendee was not a resident of this state, nor were the articles sold within this state, at the time of the execution of the contract of sale, and consequently the statute has no connection with the transaction. The sale was good at common law, both in New York and in this state, and as there is nothing in our statutes that regulates its *status* so as to expose it to the attack of creditors under certain conditions, the title of the vendor must prevail.

The attachment had nothing upon which it could be legally levied, and consequently the judgment must be affirmed.