# KIMBALL *v.* WILLIAMS.

SALES; INTEREST; EVIDENCE; PRESUMPTIONS.

1. Where a contract of conditional sale of a chattel provides for the payment of interest on the instalments of the purchase price, and the purchaser refuses to pay the interest, and tenders the principal, an acceptance by the seller of the principal will not preclude him from afterwards maintaining replevin for the chattel for nonpayment of the interest; and it is immaterial how the payments made from time to time by the purchaser on account of the purchase price were applied on the seller's books.

2. Where interest is specified to be paid as a part of the consideration named in a contract, payment and acceptance of the principal does not constitute a presumption of waiver of the interest; but where there is no provision in the contract for the payment of interest, and it can only be recovered by way of damages as an incident of the failure to pay the principal when due, an acceptance of the principal will presumptively constitute a waiver of the interest, and a separate action cannot subsequently be maintained for the recovery of the interest.

No. 2157.   Submitted October 19, 1910.   Decided December 5, 1910.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action of replevin.   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a suit in replevin, filed in the supreme court of the District of Columbia by the appellant, W. W. Kimball Company, a corporation, to recover a piano from the appellee, Jacob B. Williams.   The appellant will be referred to hereafter as the plaintiff, and the appellee as defendant.   The instrument in question was sold by plaintiff's assignors, Smith & Young, to the defendant, under a contract of conditional sale, which

provided in part as follows: "For value received, I, the subscriber, of No. 1133 Sixth street, N. E., town of Washington, District of Columbia, promise to pay to the order of Smith & Young, Washington, District of Columbia, $350, at their office, 523 Eleventh street, N. W., as follows: $21 special allowance, and $10 on August 1st, 1902, and $10 per month thereafter until paid in full. With interest on each of said sums at the rate of 6 per cent per annum from date hereof until paid, with exchange." The contract also provided that "the said instrument is and shall remain the property of the said Smith & Young until each and every of said amounts, and interest thereon, and any judgment rendered thereon, shall be paid in full."

The testimony on behalf of plaintiff shows that defendant made payments on the principal indebtedness at irregular intervals, but made no payments of interest, although notice was frequently sent him that such interest had accrued. On December 16, 1907, the plaintiff advised defendant that a balance of $24 was still due upon the principal sum, with interest thereon amounting to $45.45. Defendant disputed the amount of interest as computed by plaintiff, and refused to pay it, tendering, however, on December 31, 1907, the sum of $24 in payment of the principal. This tender was accepted. When plaintiff rested its case; the court, upon the request of counsel for defendant, instructed the jury to return a verdict for the defendant. From the judgment rendered thereon, this case comes here on appeal.

*Mr. H. Winship Wheatley* for the appellant.

*Mr. James A. Cobb* and *Mr. Shelby J. Davidson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The sole question here involved is whether the payment of the principal sum of the purchase price by a vendee under a contract of conditional sale providing for the payment of principal and interest, and the acceptance of the principal by the

vendor, waives interest thereon, and vests the title to the property in the vendee without the payment of interest. This is not an action in assumpsit for the recovery of interest in the nature of damages, but is an action upon an express contract in which the interest forms a part of the consideration.

In actions for the recovery of interest after the payment of the principal has been made, the distinction is well defined; and we think the rule has no exception, that where interest is specified to be paid as a part of the consideration named in the contract, payment of the principal does not constitute a presumption of waiver of the interest; but where there is no provision in the contract for the payment of interest, and it can only be recovered by way of damages as an incident of the failure to pay the principal when due, an acceptance of the principal will presume a waiver of the interest, and a separate action cannot subsequently be sustained for the recovery of the interest.

In *Southern C. R. Co.* v. *Moravia,* 61 Barb. 180, the court, after calling attention to the rule that where interest is not specified in the contract, it is only an incident of the debt, and may be waived by acceptance of the principal, said: "A distinction has been made between such cases and those where interest was made payable by the terms of the contract. In the latter case the interest is as much a part of the contract as the principal. It is not a mere incident which may be awarded by way of damages, but a substantive part of the contract, which may be enforced after the debt has been otherwise paid. *Fake* v. *Eddy,* 15 Wend. 76. If the account is composed of principal and interest, and the payments are received upon account merely, the part remaining unpaid upon the whole account will be regarded as principal, and an action will lie to recover it." In *Fake* v. *Eddy,* supra, the court said: "But where there is an express agreement to pay the interest as well as the principal of the plaintiff's demand, I apprehend that the performance of one part of the agreement would be no bar to an action for the nonperformance of another part thereof."

The holding of the New York court is in perfect accord with

*Stewart* v. *Barnes,* 153 U. S. 456, 38 L. ed. 781, 14 Sup. Ct. Rep. 849, chiefly relied upon by counsel for defendant. In that case Stewart had paid an illegal revenue tax, and had accepted a refund of the exact amount collected. He then brought an action to recover interest thereon, and the court held that by acceptance of the principal sum, he waived his right to sue for interest as incidental damages. In its opinion, the court said: "Where money is retained by one man against the declared will of another, who is entitled to receive it, and who is thus deprived of its use, the rule of courts in ordinary cases is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt. The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action cannot be maintained, the opportunity to acquire a right to damages is lost." To the same effect are *Redfield* v. *Ystalyfera Iron Co.* 110 U. S. 174, 28 L. ed. 109, 3 Sup. Ct. Rep. 570; and *Redfield* v. *Bartels,* 139 U. S. 694, 35 L. ed. 310, 11 Sup. Ct. Rep. 683.

We have before us a valid, enforceable, and subsisting contract of conditional sale, with delivery of the property to the vendee (*Harkness* v. *Russell,* 118 U. S. 663, 30 L. ed. 285, 7 Sup. Ct. Rep. 51), under the terms of which title to the property remains in the vendor until the consideration in full, composed of both principal and interest, is paid. Such payment is a condition precedent to the passing of title. It is immaterial how the desultory payments of the vendee were applied. The liability of the purchaser under such a contract cannot be discharged by any mere fiction of bookkeeping. The principal and interest together form the consideration; and the obligation, under the terms of the contract, to pay the one is as bind-

ing as to pay the other. The defendant can no more claim a waiver of the interest upon payment of the principal than he could claim a waiver of the principal upon payment of the interest. They both form the consideration named in the contract, and the contract can only be discharged by their payment in full, or by a release, for valuable consideration, of the claim, in whole or in part.

We think this distinction between the right of separate action to recover interest as a stipulated part of the consideration, as in the present case, and a right of action to recover interest as a mere incident to the debt, as damages for failure to pay the principal consideration, is a fixed rule in this country, to which there is no exception. We have found no authority to the contrary.

The judgment is reversed, with costs, with directions to grant a new trial.                                       *Reversed.*