# JOHN GILL & SONS v. KAHL-HOLT COMPANY.

RECORDATION OF INSTRUMENTS; CONDITIONAL SALES; LIENS; ASSIGN-
MENTS; EVIDENCE; TRIAL; APPEAL AND ERROR.

1. As sec. 547, D. C. Code (31 Stat. at L. 1275, chap. 854), providing that
   an unrecorded conditional bill of sale shall not be valid as against
   third persons "acquiring title to said property from said purchaser
   without notice of the terms of said sale," restricts the rights of
   property by regulating its use, its scope may not be broadened by
   construction.

2. The rights of an assignee to after-acquired property of his assignor, in
   accordance with the terms of the assignment, are subordinate to the
   rights of one who thereafter sells and delivers property to the as-
   signor, under an oral conditional sale agreement, by the terms of
   which no title passed until the purchase price was paid.  (Constru-
   ing sec. 547, D. C. Code.)

3. It is not incumbent upon a party to introduce his book entries upon an
   issue about which there is no real dispute; and where such entries
   are within the reach of his adversary, it is not error for the trial
   court to refuse to permit the latter to comment to the jury upon
   their nonproduction.

4. Where the record on an appeal showed that, through inadvertence,
   the judgment appealed from, as well as the verdict upon which it
   was entered, were made to include a defendant against whom no
   judgment was sought, and the matter was not brought to the at-
   tention of the trial court, or made the subject of an assignment of
   error in this court, the judgment was reversed as to such party, but
   without costs.

No. 3026.   Submitted October 5, 1917.   Decided November 12, 1917.

HEARING on an appeal by two defendants from a judgment
of the Supreme Court of the District of Columbia, on verdict,
in an action of replevin.

*Reversed as to one appellant and affirmed as to the other.*

The COURT in the opinion stated the facts as follows:

This appeal [by John Gill & Sons, a corporation, and W. G.

NOTE.—On assignment or transfer of purchaser's interest under a con-
ditional sale, see note in 40 L.R.A.(N.S.) 873.

Cornell Company, a corporation] is from a judgment in the supreme court of the District for the appellee, the Kahl-Holt Company, a corporation, plaintiff below, sustaining its claim of title, under an unrecorded conditional sale agreement, to certain material furnished by it to a subcontractor.

The appellant W. G. Cornell Company was the general contractor to furnish and install heating and ventilating systems and the plumbing and electric lighting for the new Washington city postoffice. About February 3, 1912, Samuel O. Bevans entered into a subcontract with the Cornell Company to do the sheet metal work in connection with the heating and ventilating. This subcontract provided that in certain named contingencies the contractor should be at liberty to terminate the employment of the subcontractor "and to enter upon the premises and take possession, for the purpose of completing the work under this contract, of all materials, tools, and appliances thereon. . . ."

The appellee, the Kahl-Holt Company, of Baltimore, Maryland, verbally agreed to furnish Bevans with the necessary material for use in performing his subcontract; but this material was to remain the property of appellee until erected in the building, and was to be paid for as fast as Bevans was paid for the amount of work done, "all material which might be left on the job" to be returned at the expense of the appellee. In short, as the jury found, the sale was conditional.

Subsequently, on May 8, 1912, Bevans made application to the Maryland Casualty Company for a bond to guarantee performance of his contract with the Cornell Company. The application provided that, in consideration of the execution of the bond, should Bevans fail to complete the work covered by the bond or in the event of any default on his part, he assigned, transferred, and conveyed to the casualty company, as of the date of the application, all his right, title, and interest in and to all the tools, plant, and equipment, and material of every nature and description that he might then or thereafter have upon said work or in or about the site thereof.

About five carloads of galvanized sheet iron were shipped by the Kahl-Holt Company to Bevans, and the last lot shipped in October of 1913 was not paid for and is involved here.

In November of 1913 a dispute arose between Bevans and the Cornell Company, which finally resulted in the discontinuance of work by Bevans. Thereupon the Cornell Company directed its foreman to seize all material which Bevans had upon the site of the work. Appellee, the Kahl-Holt Company, asserted its right to the material which it had shipped to Bevans and which he had "left on the job." The Cornell Company thereupon informed the Maryland Casualty Company of the situation, and was authorized by that company to seize this material for it and in its name, which the Cornell Company did. Immediately thereafter this suit was brought, which resulted in a verdict for the material or its value, $911.20, with interest.

In the first assignment of error it is alleged that the court erred "in refusing to grant the motion of the defendant to direct a verdict in favor of the defendants." The contentions put forward under this assignment are that the Casualty Company was in the relation of a bona fide purchaser with respect to the material replevined, and hence that its authorization to the Cornell Company put the latter company in lawful possession of the material; that the Cornell Company, by the terms of its contract with Bevans and by the evidence, was in the relation of a bona fide purchaser for value with respect to such material, and hence that its title was superior to that of the appellee.

The charge of the court, to which no exception was taken, submitted to the jury the question as to the character of the sale by appellee to Bevans, and by the verdict it is settled that the sale was a conditional one. The court further properly submitted to the jury the question whether the Cornell Company "advanced money to Bevans not due him, but advanced it on the strength of his apparent ownership of this property," and that question likewise was determined against this appellant. The only question which we may consider under this assignment, therefore, is whether the rights of the Casualty Company and the Cornell Company, as assignees of Bevans, were superior to those of his conditional vendor, the appellee. Appellants' contention that they are is based upon sec. 547 of our Code, which provides that an unrecorded conditional bill

of sale shall not be valid as against third persons "acquiring title to said property from said purchaser without notice of the terms of said sale."

Mr. *Chas. A. Douglas,* Mr. *Hugh H. Obear,* Mr. *Chas. S. Douglas,* and Mr. *Jo. V. Morgan* for the appellants, in their brief cited:

*Arbuncle* v. *Kirkpalrick,* 98 Tenn. 221; Benjamin, Sales, Rule 23, p. 80; *Chamber* v. *Greenwood,* 68 N. H. 274; *Clow* v. *Woods,* 5 Serg. & R. 286; *Concord Land & Water Power Co.* v. *Clough,* 70 N. H. 627; *De La Vergne Mach Co.* v. *Karrick;* *Hervey* v. *R. I. Loc. Co.* 93 U. S. 664; *Huntsman* v. *Nichols,* 116 Mass. 521; *Re Robineau,* 118 Fed. 473; *Logan* v. *Monroe,* 20 Me. 257; 1 Mackey, 34; *Marsh* v. *Pier,* 4 Rawle, 273; *Marlin* v. *Mathiot,* 14 Serg. & R. 214; *M. R. S. & D. Co.* v. *R. Co.* 91 Wis. 447, 65 N. W. 176; *Robb* v. *Clerson,* 10 Serg. & R. 419; *Rose* v. *Story,* 1 Pa. 190; *Root* v. *French,* 13 Wend. 570; *Ryans* v. *Harper,* 167 Mo. 342; *Ryle* v. *Knoles Loom Works,* 87 Fed. 980; Thomp. Trials, § 989; Wigmore, Ev. p. 3529; *Wood* v. *U. D. F. & G. Co.* 143 Fed. 424.

Mr. *Benjamin S. Minor,* Mr. *Hugh B. Rowland,* and Mr. *Colley W. Bell,* for the appellee, in their brief cited:

*Baum* v. *Knabe & Co.* 33 App. D. C. 240; *De La Vergne Mach. Co.* v. *Karrick,* 43 Wash. L. Rep. 290; *Fosdick* v. *Schall,* 99 U. S. 235; *Johnson* v. *Tribby,* 27 App. D. C. 281; *Security Invest. Co.* v. *Garrett,* 3 App. D. C. 69; *United States* v. *New Orleans R. Co.* 12 Wall. 362; *Wood* v. *United States Fidelity & G. Co.* 143 Fed. 424; *Woolley* v. *Geneva Wagon Co.* 59 N. J. L. 278.

Mr. Justice Robb delivered the opinion of the Court:

It is not denied that the agreement between appellee and Bevans was legal and valid as between them. By failing to have that agreement reduced to writing and recorded, appellee

merely assumed the risk that a legal wrong, within the meaning of the statute, might be inflicted upon third parties. In other words, appellants' rights are dependent upon and measured by the statute; and since this statute restricts the rights of property by regulating its use, its scope may not be broadened by construction. *Woolley* v. *Genera Wagon Co.* 59 N. J. L. 278, 35 Atl. 789. The statute under investigation in that case declared unrecorded conditional contracts of sale "absolutely void as against subsequent purchasers and mortgagees in good faith," and creditors were held not to be within its protection. In *Fosdick* v. *Schall.* 99 U. S. 235, 25 L. ed. 339, a railroad company in Illinois had entered into a contract with "A," whereby he agreed to sell and deliver to it, at a price payable in installments, a number of cars which, until they should be paid for, were to remain his property. Prior to this contract the company had mortgaged to "B," as trustee, its franchise, issues, and profits, and all the property it then possessed or might thereafter acquire to secure the payment of certain bonds It was held that the lien of the mortgage did not attach to the cars upon their delivery to the company so as to defeat A's reclamation of them as against the mortgagee. Under the law in Illinois such a transaction had no validity as against third persons. The question therefore was whether the mortgagees occupied the position of third persons within the meaning of the Illinois statute. The court said: "They [the mortgagees] are in no sense purchasers of the cars. The mortgage attaches to the cars, if it attaches at all, because they are 'after-acquired' property of the company; but as to that class of property it is well settled that the lien attaches subject to all the conditions with which it is encumbered when it comes into the hands of the mortgagor. The mortgagees take just such an interest in the property as the mortgagor acquired; no more, no less. * * * The title of the mortgagees in this case, therefore, is subject to all the rights of Schall under his contract." Again, in *Myer* v. *Western Car Co.* 102 U. S. 1, 26 L. ed. 59, where were involved the rights of a similar mortgagee, but under the laws of Iowa which denied validity to an unrecorded conditional sale as "against-any creditor or purchaser of the vendee or

lessee," the court held that the term "third person" as used in the Illinois statute was the same in legal effect as "creditor or purchaser" as used in the Iowa statute, saying: "In *Fosdick* v. *Schall* we held that the mortgagee whose mortgage embraced property to be acquired in the future was in no sense a purchaser of such property. His rights were not granted after the property was bought by the mortgagor. He got nothing by this provision in his mortgage except what the mortgagor himself had acquired. He paid nothing for his new security. He took as mortgagee just such title as the mortgagor had; no more, no less."

We see no difference in principle between the two cases determined by the Supreme Court of the United States and the one under consideration. The material here involved had not been delivered when the conditional assignments to appellants were made, and was brought within the scope of these assignments by the provisions relating to after-acquired property. When, therefore, Bevans defaulted under his subcontract and these conditional assignments became effective, the title of the assignees to the material here involved was subject to the conditions with which it was encumbered. In other words, appellants under their conditional assignments merely stepped into the shoes of Bevans, and their title as assignees was no better than his. The conditional assignments merely covered whatever interest he might have in this after-acquired material. It therefore cannot be said that these assignees are "third persons" within the meaning of the statute.

While the Kahl-Holt Company was introducing evidence, opposing counsel requested the production of its books, "so as to show what the books disclosed as to entries made of sales" to Bevans; but the court suggested that if counsel wanted the books there was a proper way to get them. There the matter rested until, during the argument, counsel for appellants commented unfavorably upon the failure of appellee to produce its books; and thereupon counsel for appellee objected, stating that the day following the call for them the books were in court, but that no request was made for them. The court, suggesting that appellants were as much responsible for the failure

to introduce the books in evidence as was the appellee, declined
to permit further comment. This ruling is here challenged as
error. There was no real conflict in the evidence as to the
character of the sale by the Kahl-Holt Company to Bevans,
nor was the evidence that the material here involved had not
been paid for disproved. In the circumstances, therefore, it
was not incumbent upon the Kahl-Holt Company to introduce
other evidence which was within reach of appellants, and such
was the purport of the ruling of the trial court.

One more matter requires notice. Appellant John Gill &
Sons was one of the general contractors on the postoffice work,
but it developed at the trial that this firm was in no way inter-
ested in this suit. The court therefore instructed the jury, with
the acquiescence of all parties, that "the only defendant against
whom judgment is sought is the W. G. Cornell Company." Evi-
dently through inadvertence, however, the verdict and judg-
ment were made to include Gill & Sons. While the record fails
to show that this matter was called to the attention of the trial
court, or that it was made the subject of an assignment of error,
the interests of justice so clearly demand that the mistake be
rectified that we shall reverse the judgment as to this appellant,
but without costs.

Judgment reversed as to appellant John Gill & Sons and
affirmed, with costs, as to appellant W. G. Cornell Company.