### HIGGINS et al. v. CENTRAL CIGAR CO.

Court of Appeals of District of Columbia.
Submitted March 8, 1929. Decided
April 1, 1929.

No. 4739.

Edmund S. Whitson, of Clear Water, Fla., and A. J. Hilland, of Washington, D. C., for plaintiffs in error.

Wm. B. Wolf and Norman Fischer, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. It appears that on June 15, 1927, a certain automobile was sold by Steger's Garage, Inc., at a price exceeding $100, to one Nathaniel Johnson upon credit, under a written conditional sale agreement which provided that title to the car and extra equipment should not pass by delivery under the sale, but should remain vested in and be the property of the vendor until the purchase price was fully paid. Possession of the automobile was delivered accordingly to Johnson, the vendee. The sale agreement, however, was never recorded.

Afterwards, to wit, on June 16, 1927, Steger's Garage, Inc., sold, assigned, and transferred the conditional sale agreement and the automobile in question to the Higgins Finance Company. After the date of this assignment the United States marshal seized the automobile under a writ of fieri facias issued upon a judgment recovered against Nathaniel Johnson by a creditor, to wit, the Central Cigar Company, in the municipal court of the District of Columbia, and the marshal proceeded to advertise the automobile for sale under the writ.

The purchaser, Johnson, had utterly failed to pay any part of the purchase price of the automobile, and the Higgins Finance Company then filed a claim of ownership of the property with the marshal, and demanded that the right of property therein be tried as provided by statute. Pursuant to this notice a trial was had in the municipal court, resulting in a finding and judgment in favor of the levying creditor and against the claimant. The present proceeding calls for a review of that judgment.

The rights of the parties depend upon the construction to be given to section 547, D. C. Code, which reads as follows:

"Sec. 547. *Conditional Sales*—No conditional sale of chattels in virtue of which the property is delivered to the purchaser, but by the terms of which the title is not to pass until the price of said chattels is fully paid, where the purchase price exceeds one hundred dollars, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless the terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and recorded in the same manner as a chattel mortgage, as hereinabove provided; and said writing shall be indexed as if the purchaser were a mortgagor and the seller a mortgagee of such chattels, and shall be operative as to third persons without actual notice of it from the time of being so recorded."

Accordingly it appears that, inasmuch as the conditional sale was never recorded, it was not valid as against third persons acquiring title to the property from the purchaser without notice of the terms of the sale. The question therefore arises whether the levying creditors in the present case come within the classification of "third persons acquiring title to said property from said purchaser," for, if so, the conditional sale is invalid as to them. It seems clear that judgment creditors do not acquire any title to the property of a judgment debtor by virtue of the levy of a writ of fieri facias upon it. "The judgment creditor, by virtue of the levy, does not acquire any title to the property seized, but only an inchoate right to payment out of its avails by legal proceeding, and in any event the interest of the creditor is limited to the actual interest of the debtor at the time the lien attaches." 23 C. J. 471. "A judgment creditor by the levy of execution parts with nothing of value; his attitude is not that of a bona fide purchaser, and he acquires no more interest in the property levied on than his debtor had." Jones v. Chenault, 124 Ala. 610, 27 So. 515, 82 Am. St. Rep. 211. "An execution creditor, on making sale and becoming the purchaser, may acquire new equities; but until then he stands in the rights of his debtor, and his levy may be defeated by equities which the debtor cannot resist." French v. De Bow, 38 Mich. 708. "An attachment and the levy of an execution or a judgment lien are not much different, and an attachment creditor cannot be considered as a bona fide purchaser. The creditor is entitled to the same rights as the debtor had, and to no more." Fingrey on Mortgages, § 665, cited with approval in Bank of Ukiah v. Petaluma Savings Bank, 100 Cal. 590, 35 P. 170. In Woolley v. Geneva Wagon Co., 59 N. J. Law, 278, 35 A. 789, the court construed a statute which declared conditional sales, if unrecorded, to be void as against "subsequent purchasers and mortgagees in good faith." The court held that this provision did not invalidate such unrecorded sales in favor of creditors, but only in favor of subsequent purchasers and mortgagees.

It follows that the conditional sale in question was not invalid as to the levying creditors, and that the judgment of the municipal court must be reversed for that rea-

son. This conclusion makes it unnecessary to discuss the question whether actual notice of the terms of the conditional sale had been served upon the creditors prior to the time of the levy.

The judgment of the municipal court is reversed, and the cause is remanded, with instructions to enter judgment in favor of the plaintiffs in error. Costs assessed against defendants in error.