## C. I. T. CORPORATION v. CARL.
### No. 6642.

United States Court of Appeals for the
District of Columbia.
Decided Aug. 31, 1936.

Harry Saidman and Albert E. Steinem, both of Washington, D.C., for plaintiff in error.

Charles C. Collins and Albert E. Brault, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This case arises upon a writ of error to the Municipal Court of the District of Columbia. The suit was an action brought by the plaintiff in error (hereinafter called plaintiff) to recover from the defendant in error (hereinafter called defendant) the value of an automobile sold by the United States Marshal at the instance of the defendant to satisfy a judgment. The plaintiff claimed a prior lien upon the automobile.

In its bill of particulars the plaintiff alleged that:

"on the 12th day of May, 1934, the defendant wrongfully seized and sold an automobile in the possession of William A. Thompson, upon which there was due the plaintiff the amount of $133.50 on account of the balance of the purchase price, as is evidenced by a certain promissory note of the said William A. Thompson hereto annexed and made a part hereof, which said note was secured by a conditional sales contract on said automobile, copy of which said conditional sales contract is hereto annexed and made a part hereof. Said automobile at the time of seizure and sale was worth $130.00, and the plaintiff claims said sum from the defendant, plus costs." It appeared from the note and the contract that Lee D. Butler, Inc., had sold the automobile in question to Thompson, and had then assigned the note and contract to the plaintiff.

The case was submitted to the court below upon an agreed statement of facts, orally propounded by counsel in open court, in the form, as shown by the record, following:

"The defendant secured a judgment in the Municipal Court against William Thompson, case Number 286-019, on, to wit, the 23rd day of March, 1934, and

thereafter on, to wit, the 12th day of May, 1934, a writ of fi fa was caused to be issued, and on, to wit, the 12th day of May, 1934, the United States Marshal executed said writ by·levying upon an automobile registered and titled in the name of William Thompson. The title certificate issued by the Director of Vehicles and Traffic, and the records of that office, showed a lien on said automobile, by virtue of a conditional sales contract, in favor of the plaintiff, in the amount of $267.00 as of October 6, 1933. Defendant did not examine said certificate. The defendant caused a search to be made of the records of the office of the Recorder of Deeds for the District of Columbia and found no record of any liens or mortgages against the said automobile, and in fact, the conditional sales contract was not recorded. At the time of the attachment, William Thompson informed the defendant that Lee D. Butler, an automobile dealer, owned the automobile. The defendant communicated with the said Lee D. Butler and was referred to the plaintiff, C. I. T. Corporation. The plaintiff informed the defendant of the existence of the conditional sales contract, and advised him, through his attorney, that there was a balance due thereon in the amount of $130.00, and that the said conditional sales contract had not been recorded. The plaintiff then conceded·to the defendant that inasmuch as the said conditional sales contract was not recorded the plaintiff could not prevent the attachment, and the plaintiff supposed that.it was 'out of luck'. It was decided to grant the plaintiff an opportunity to make some arrangement with William Thompson whereby both the plaintiff and the defendant would secure satisfaction of their respective claims. Thereafter, after several conferences, the conclusion was finally reached that this could not be done, and the plaintiff, upon being called by telephone by the defendant, through his counsel, so informed the defendant, and again told him that inasmuch as the said conditional sales contract was not recorded it supposed it was 'out of luck' and inasmuch as it could not prevent the sale and could not make any arrangement with William Thompson whereby both the plaintiff and defendant would secure satisfaction of their respective claims that he might as well go ahead with the sale. Thereafter the defendant sold the said automobile, through the United States Marshal, for the sum of $130.00, and thereafter the United States Marshal paid to the defendant the sum of $119.20, which represented the proceeds of said sale. Thereafter on, to wit, the 20th day of December, 1934, counsel for the plaintiff informed the defendant that he had been retained by the plaintiff to proceed against the defendant because of the wrongful attachment, and, after negotiations, this suit was filed on April 5, 1935. The conditional sales contract and note which were respectively assigned and endorsed to the C. I. T. Corporation, which were signed by William Thompson, were duly admitted in evidence by agreement, and it was conceded by the defendant that the sum of $130.00 was due and unpaid thereon at the time the attachment was levied. It was further agreed between counsel that the value of the car at the time of the attachment was $130.00."

Upon this statement of facts the court below gave judgment for the defendant, to which exception was taken. Upon petition by the plaintiff we granted writ of error.

■ The conditional sales contract, though unrecorded, gave rise, in the plaintiff's favor, to a lien superior to the claim of the defendant against the automobile. Higgins v. Central Cigar Co., 59 App.D.C. 9, 32 F.(2d) 400. We therein held that an unrecorded conditional sale was valid as against a levying judgment creditor of the conditional vendee, that such a judgment creditor is not within the classification of "third persons acquiring title to said property from said purchaser" under D.C.Code 1929, Title 25, § 179, 31 Stat. 1275, c. 854, § 547, 43 Stat. 1103, c. 417, § 547, providing:

"No conditional sale of chattels in virtue of which the property is delivered to the purchaser, but by the terms of which the title is not to pass until the price of said chattels is fully paid, where the purchase price exceeds $100, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and filed in the office of the recorder of deeds of the·District of Columbia, and said writing shall be indexed as if the purchaser were a mortgagor and the seller a mortgagee of such chattels, and shall be operative as to third persons without actual notice of it from the time of being filed . . .."

The disputed points raised by the assignment of errors and argued in the briefs

are that: I. The plaintiff was estopped to assert its prior lien. II. The plaintiff waived its prior lien.

■■ I. The plaintiff was not estopped to assert its prior lien. The following statements of the plaintiff are relied upon by the defendant as a foundation for the asserted estoppel:

"The plaintiff then conceded to the defendant that inasmuch as the said conditional sales contract was not recorded the plaintiff could not prevent the attachment, and the plaintiff supposed that it was 'out of luck'.

\*    \*    \*    \*    \*    \*    \*

"the plaintiff, upon being called by telephone by the defendant, through his counsel, . . . again told him that inasmuch as the said conditional sales contract was not recorded it supposed it was 'out of luck' and inasmuch as it could not prevent the sale and could not make any arrangement with William Thompson whereby both the plaintiff and the defendant would secure satisfaction of their respective claims that he might as well go ahead with the sale."

These statements were mere expressions of opinion on a question of law. Such will not operate as foundation for an estoppel. Sturm v. Boker, 150 U.S. 312, 14 S.Ct. 99, 37 L.Ed. 1093; Crary v. Dye, 208 U.S. 515, 28 S.Ct. 360, 52 L.Ed. 595. Moreover, it does not appear from the stipulated facts that the alleged misrepresentation was either intentional or grossly negligent. As stated in Crary v. Dye, supra: "The principle of estoppel is well settled. It precludes a person from denying what he has said or the implication from his silence or conduct upon which another has acted. There must, however, be some intended deception in the conduct or declarations, or such gross negligence as to amount to constructive fraud." 208 U.S. 515, 521, 28 S.Ct. 360, 52 L.Ed. 595. See, also, Henshaw v. Bissell, 18 Wall. 255, 21 L.Ed. 835.

■■ II. There was no waiver of the plaintiff's prior lien. The defendant's assertion of waiver is based upon the very statements set forth as foundation for an estoppel. Waiver requires "intentional relinquishment of a known right." Oelbermann v. Toyo Kisen Kabushiki Kaisha (C.C.A.) 3 F.(2d) 5, 6, certiorari denied 268 U.S. 693, 45 S.Ct. 511, 69 L.Ed. 1161. It is apparent from the statements that the plaintiff was unaware that, despite the fact that the conditional sales contract was unrecorded, it nevertheless had a lien on the automobile prior to the defendant's claim.

Accordingly the judgment of the trial court must be, and the same is hereby

Reversed.