**STERN CO. OF WASHINGTON, Inc., v. ROSENBERG.**

No. 6669.

United States Court of Appeals for the District of Columbia.

Decided March 8, 1937.

Rehearing Denied April 8, 1937.

Jacob C. Levy, of Washington, D. C., for plaintiff in error.

M. D. Rosenberg and Nathan M. Lubar, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Writ of error to the Municipal Court of the District to review a judgment holding that a statutory lien of a landlord (defendant in error) for rent attaches and is superior to the right of a vendor (plaintiff in error) to chattels sold to the tenant under an unacknowledged and unrecorded written conditional sale contract reserving title in the vendor until all installments of the purchase price be paid.

On April 15, 1935, defendant in error, the landlord, leased a store located at 824 Ninth Street N. W., to George Douglas at a monthly rental of $100 for a two-year term.

Thereafter, on May 10, 1935, the Stern Company, plaintiff in error, sold and delivered to Douglas at the above premises lunch room equipment of the value of $1500 under the above conditional sale contract, which provided for an initial payment of $350, and the balance in monthly installments of $30 each.

Douglas having defaulted in rent, the landlord on October 23, 1935, sued him for unpaid rent of $100 and secured a writ of attachment. On October 24th, following, certain of the lunch room equipment sold to Douglas under the conditional sale agreement was attached by the marshal pursuant to the writ and placed in storage, where it remains. On November 15th the landlord obtained a default judgment.

On November 27, 1935, the vendee being in default, the Stern Company gave notice to the marshal of its claim to the chattels, as provided by section 234, Tit. 18, D.C. Code (1929), which reads as follows: "When personal property taken on * * * process issued by the municipal court is claimed by a person other than the defendant therein, * * * and such claimant shall give notice, in writing, to the marshal of his claim, * * * the marshal shall notify the plaintiff of such claim and return said notice to the court, and a *trial of said right of property * * * shall be had before said court.*" Thereafter trial of right of property was had and the court ruled in favor of the landlord and entered judgment, to which the plaintiff in error excepted. To review that judgment we allowed this writ.

In support of the judgment the landlord relies upon the conditional sales recording statute[1] and upon the landlord's lien statute.[2] The conditional sales statute declares such a sale, unless recorded, invalid "as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale." The lien statute gives the landlord a tacit lien for his rent "upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt." Two questions, therefore, are presented: First, is the landlord a third person "acquiring title to said property from said purchaser without notice of the terms of said sale"? Second, were the chattels seized "such of the tenant's personal chattels * * * as are subject to execution for debt"?

In Harkness v. Russell (1886) 118 U.S. 663, 7 S.Ct. 51, 30 L.Ed. 285, involving an unrecorded written agreement for a conditional sale of personal property, the court in a comprehensive review of English and American authorities declared that, where not affected by local statutes or local decisions to the contrary, the general rule is that, "in the absence of fraud, an agreement for a conditional sale is good and valid, as well against third persons as against the parties to the transaction." The court further ruled that "a bailee of personal property cannot convey the title, or subject it to execution for his own debts, until the condition on which the agreement to sell was made, has been performed."

The statute in this District affecting conditional sales provides that no such sale "shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale," unless the agreement is recorded. Since the statute "restricts the rights of property by regulating its use, its scope may not be broadened by construction." John Gill & Sons v. Kahl-Holt Co., 47 App.D.C. 53, 57. It will thus be seen that the local statute affects the general rule set forth in the Harkness Case only in so far as it relates to the validity of such an agreement "as against third persons." Is the landlord within the scope of the statute, namely, a third person "acquir-

---

[1] *"Conditional sales.*—No conditional sale of chattels in virtue of which the property is delivered to the purchaser, but by the terms of which the title is not to pass until the price of said chattels is fully paid, where the purchase price exceeds $100, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless the terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and filed in the office of the recorder of deeds of the District of Columbia, and said writing shall be indexed as if the purchaser were a mortgagor and the seller a mortgagee of such chattels, and shall be operative as to third persons without actual notice of it from the time of being filed. * * * (Mar. 3, 1901, 31 Stat. 1275, c. 854, sec. 547; Mar. 3, 1925, 43 Stat. 1103, c. 417, sec. 547.)" Section 179, title 25, D.C. Code 1929; section 547, D.C. Code 1924, as amended.

[2] "325. *Lien for rent.*—The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months. (Mar. 3, 1901, 31 Stat. 1383, c. 854, sec. 1229.)" Section 325, title 25, D.C.Code 1929; section 1229, D.C.Code 1924.

"326. *How enforced.*—The said lien may be enforced—

"First. By attachment, to be issued upon affidavit that the rent is due and unpaid. * * * (Mar. 3, 1901, 31 Stat. 1383, c. 854, sec. 1230.)" Section 326, title 25, D.C.Code 1929; section 1230, D.C.Code 1924.

ing title to said property from said purchaser without notice of the terms of said sale"? In our view the answer must be in the negative, for it is clear that he has not acquired title to the chattels from the vendee; he is attempting to enforce a lien, which is inconsistent with title.

We may point out that the statute in no way affects the general rule announced in the Harkness Case in so far as it relates to the validity of such an agreement "as against the parties to the transaction." Indeed, we have held that a conditional sale agreement is valid, "though unrecorded, except 'as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale.'" Baum v. Wm. Knabe & Co. Mfg. Co., 33 App.D.C. 237.

■ We now come to the question whether the chattels seized were "such of the tenant's personal chattels * * * as are subject to execution for debt." By the terms of the contract the parties agreed that the title to the property should remain vested in the Stern Company "until each and every installment of said purchase price has been paid by the buyer to the seller in accordance with the terms of this agreement." Under such circumstances we have held the rule to be that "where the buyer is, by the contract, bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." N. M. Minnix Co. v. L. C. Smith & Bros. T. Co., 33 App.D.C. 357, 365; Kimball v. Williams, 36 App.D.C. 43, 46, Ann. Cas.1912B, 1331. "The vendee, in such cases, acquires no property in the goods. He is only a bailee for a specific purpose." Coggill v. Hartford & New Haven R. Co., 3 Gray (Mass.) 545. In the present case the vendee, being but a bailee of the personal property seized, cannot "subject it to execution for his own debts, until the condition on which the agreement to sell was made, has been performed." Harkness v. Russell, 118 U.S. 663, 7 S.Ct. 51, 30 L.Ed. 285. It follows, therefore, that the seized chattels were not "such of the tenant's personal chattels * * * as are subject to execution for debt," as specified in the landlord's lien statute here involved.

The judgment is reversed, with costs.

Reversed.