72

COMMERCIAL CREDIT CORPORATION, A CORPORATION, PLAINTIFF, v. CHARLES HILD, CONSTABLE OF BERGEN COUNTY, JOSEPH COLANDO, TRADING AS JOE'S SERVICE STATION, AND JOHN DOE (THE PERSON IN WHOSE POSSESSION THE CHATTEL MAY BE FOUND), DEFENDANTS.

Decided January 18, 1940.

For the plaintiff, *H. Kermit Green.*

For the defendants, *Major, Back & Carlsen.*

CAFFREY, C. C. J.  This matter was partially tried before me in Bergen county.  Later it came to me by way of stipulated facts.  The stipulation is hereto annexed.  Briefs and counter-briefs were filed and finally argued on December 28th, 1939.

Without repeating the stipulation of facts in its entirety, it is agreed that on November 10th, 1936, Sam Merlo and William Peters, Inc., executed a conditional bill of sale for the automobile in dispute.  On the same day Peters, Inc., assigned the conditional bill of sale to the present plaintiff.

This transaction took place in Hudson, New York, the *situs* of the parties and of the automobile itself. This conditional bill of sale was not recorded in Hudson, New York, nor any other place in the State of New York.

In a supplemental stipulation, sections 65, 66, 73 and 74 of the New York Personal Property law, which includes the Uniform Conditional Sales act, were offered as evidence in the cause. * * * The pertinent part of this summary is set forth in sections 65 and 66.

It will be noted that section 65 of the Personal Property law of New York makes conditional sales reserving title in the seller void as to purchasers or creditors of the buyer, who, without notice of such provision, purchases or acquires by attachment or levy upon the chattel before the contract or a copy thereof is filed, as hereinafter provided, unless said contract or copy is so filed within ten days after the making of the conditional sale. Section 66 has to do with the place of filing.

The defendants in this cause rely on the non-compliance by the plaintiff with sections 65 and 66 as giving them superior title to the plaintiff in the automobile in question.

It seems to me that, in so far as the present controversy is concerned, the statute law of New York is not at all applicable or decisive. No stretching of doctrine of comity would justify the giving of extra-territorial effect to the statute law of New York. It follows then that the rights and liabilities of the parties hereto will depend upon the interest of the claimant and the defendants as of the time when the automobile was levied in New Jersey.

It will be noted in paragraph 3 of the stipulated facts that on December 10th 1936, the automobile in question was seized under an alias execution issued out of the Second Judicial District Court of Bergen county, wherein Joe's Service Station was plaintiff and Merlo, the conditional vendee, was the defendant. The plaintiff herein, on December 15th, 1936, made a written demand for possession upon the defendant (stipulation, paragraph 4).

On December 22d, the sheriff of Bergen county seized the automobile by a writ of replevin on behalf of the plaintiff.

* * * There was no recording or filing of the conditional bill of sale in the State of New York at any time before the seizure by virtue of the alias execution issued by the District Court of Bergen county. * * *

It will be noted in the stipulated facts that on December 22d, 1936, within ten days after the levy under the alias execution on behalf of the present defendants and within ten days after plaintiff received notice that the automobile was in the State of New Jersey, a copy of the conditional bill of sale made in Hudson, New York, was filed with the clerk of the county of Bergen, the said county of Bergen being the filing district in which the automobile was physically located at the time of the levy. * * * This was manifestly done pursuant to our New Jersey statute, *R. S.* 46:32-20 (Public Laws 1919, chapter 210, section 14) :

"When, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, or are removed from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to purchasers and creditors described in section 46:32-11 of this title, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed. The provisions of section 46:32-16 of this title regarding the duration of the validity of the filing and the necessity for refiling shall apply to contracts or copies which are filed in a filing district other than that where the goods are originally kept for use by the buyer after the sale."

There was no proof offered as to the law of New York with respect to the right of a conditional vendor in the property sold under a conditional bill of sale. Therefore, to refer to the language of the late Chief Justice Gummere, in *Thayer Mercantile Co.* v. *First National Bank of Milltown,* 98 *N. J. L.* 29 (at *p.* 32) ; 119 *Atl. Rep.* 94, "In the absence of proof or agreement between the parties, the presumption is that

these rights would be determined by the application of common law rules," and at common law the ownership of the conditional vendor is paramount to the claims of creditors of his vendee, citing *Waln* v. *Waln,* 53 *N. J. L.* 429; 22 *Atl. Rep.* 203; *Bodine* v. *Berg,* 82 *N. J. L.* 662; 82 *Atl. Rep.* 901.

In *Marvin Safe Co.* v. *Norton,* 48 *N. J. L.* 410; 7 *Atl. Rep.* 418, our Supreme Court defined a conditional sale as a sale of personal property on credit with delivery of possession to the purchaser and a stipulation that the title shall remain in the vendor until the purchase price is paid. In the same case the facts show that one, Schwartz, purchased a safe from the Marvin Safe Company in Philadelphia under a conditional sale, by which conditional sale title remained in the Safe Company. Later, Schwartz transported the safe to Hightstown, where he resided, and, subsequently, sold the safe to Norton and delivered possession to him there.

Mr. Justice Depue held that, when Norton purchased the safe from Schwartz, he only acquired such title as his vendor had when he brought the property into New Jersey and, therefore, Norton took title subject to the reserve title in the Marvin Safe Company and as fixed by the law of Pennsylvania, the place of the original contract.

In *Cole* v. *Berry,* 42 *N. J. L.* 308, the Supreme Court held that delivery of possession under a conditional contract of sale, which stipulates that the goods shall remain the property of the vendor until the contract price is paid, will not pass title to the vendee until the condition is performed. See, also, *Lane* v. *J. E. Roach's Banda Mexicana Co.,* 78 *N. J. Eq.* 439; 79 *Atl. Rep.* 365.

As a further answer to the defendants' contention, Chief Justice Beasley, in *Wooley* v. *Geneva Wagon Co.,* 59 *N. J. L.* 278; 35 *Atl. Rep.* 789, pointed out that, in so far as an original transaction is concerned wherein title is transferred by a conditional sale, the law of the *situs* of the goods at the time of the execution of the contract would prevail, and the original sale was good at common law; the New Jersey statute with respect to recording of the conditional sale would have no application.

The right of the defendants under the levy under the alias execution, of course, would be lawful or otherwise depending upon the acts of the parties with respect to compliance with the Revised Statutes, 46:32-20 above quoted.

It will be noted in the stipulation of facts, paragraph 7, *the plaintiff herein made full compliance with that statute.* This was in conformity with the ruling laid down by Chief Justice Gummere in construing this statute.

In the case of *Thayer Mercantile Co.* v. *First National Bank of Milltown,* 98 *N. J. L.* 29; 119 *Atl. Rep.* 94, it was pointed out that a reservation of title in chattels which are removed from the place designated for the keeping in the contract of conditional sale can only be made effective under sections 5 and 14 of our Conditional Sales act (Public Laws, 1919) by filing a conditional sales contract or a copy thereof in the filing district in which the goods have been removed within ten days after the seller has received notice of such removal and of the place where they have been taken. See, also, *Morey & Co.* v. *Schaad,* 98 *N. J. L.* 799; 121 *Al. Rep.* 622.

The construction of sections 5 and 14 of the Conditional Sales act above referred to supports the plaintiff's claim in that courts recognize the reservation of title of the plaintiff under the law of New York and will extend to it the protection of that right by compliance with the two sections just mentioned.

That the plaintiff company did all the things in keeping with the adjudicated rule in New Jersey there is no doubt. Therefore, the plaintiff's claim is prior to that of the judgment creditor and it will be entitled to judgment for possession.