## CUTLER v. COOPER et al.
### No. 1322.

Municipal Court of Appeals for the
District of Columbia.

Argued April 6, 1953.

Decided May 1, 1953.

Julian P. Lundy, Washington, D. C., with whom Jack N. Steinberg, Washington, D. C., on the brief, for appellant.

Irwin Geiger, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a contest as to the right to certain chattels, between the vendor under a conditional sale agreement and an attaching creditor of the conditional vendee. Cooper Equipment Company (hereinafter called Cooper) delivered to Chebithes certain restaurant equipment for a total sale price of $12,588.14. Vendee made a down payment of $3,728.54 and agreed to pay off the balance in 24 monthly installments. To secure the payment of such balance he executed a conditional sale agreement which was duly recorded and which reserved title to the chattels in the vendor and gave vendor the right of repossession in event of vendee's default. He defaulted in the very first payment.

In the meantime a man named Cutler had sued Chebithes in debt, had obtained a default judgment against him, and (two months after recordation of the conditional sale agreement) issued execution and seized part of the restaurant equipment covered by the conditional sale. Cooper promptly filed a petition in the same cause as authorized by Code, 1951, 15–310 asserting ownership in the chattels and demanding an order for the return thereof by the U. S. Marshal. There was a trial of the right to the attached property, following which the trial court granted Cooper's petition. Cutler, the attaching plaintiff, brings this appeal.

We first consider appellant's contention that Cooper had no right to proceed by petition in the same cause in which the attachment had been made. One argument advanced is that Cooper should have filed an independent action against the marshal and the attaching plaintiff. This, counsel say in their brief, has been the "general procedure" in the trial court. In this they are mistaken. We know it to be the well-nigh invariable practice to proceed as Cooper has done, by filing a petition in the same cause in which property has been seized. This "trial of right of property" is specifically authorized by Code, 1951, § 15–310 as follows:

"Any person may file his petition in the cause * * * setting forth a claim thereto or an interest in or lien upon the same; and the court, without other pleadings, shall inquire into the claim, and * * * the court may make all such orders as may be necessary to protect any rights of the petitioner."

Appellant says that Cooper's only alternative was to seek leave to intervene in the cause under Municipal Court Rule 24(a) which provides:

"Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

We think Rule 24 covers intervention generally and we find in it nothing purporting to displace or supersede the long-established statutory remedy above quoted. Actually the difference is merely one of labels: there is no practical difference between filing a petition setting up a claim to attached property and intervening in a case for the same purpose. There is no question that Cutler, the attaching plaintiff, had due notice of Cooper's claim and as full a right to defend against it as if an intervenor procedure had been adopted. We rule that Cooper had a right to follow the prescribed statutory procedure.

The next question is whether the right of Cooper as an unpaid conditional vendor was superior to the lien of the attaching plaintiff. Plaintiff says his attachment lien extends to the "equitable interest" of the judgment defendant Chebithes in the goods seized.[1] He relies heavily on statements by various textwriters and state courts and asks us to hold that the equitable interest of the buyer Chebithes was subject to execution. Appealing though this argument may seem, it cannot be sustained in view of express holdings to the contrary in this jurisdiction. As long ago as 1929, it was held that even the holder of an unrecorded conditional sale has a superior right to that of an attaching creditor of the conditional vendee. Higgins v. Central Cigar Co., 59 App.D.C. 9, 32 F.2d 400. In C. I. T. Corporation v. Carl, 66 App.D.C. 232, 85 F.2d 809, the court made the flat ruling that even an unrecorded conditional sale agreement gave rise to a lien in favor of the vendor superior to that of a levying judgment creditor. And in Stern Co. of Washington v. Rosenberg, 67 App.D.C. 99, 89 F.2d 843, where a landlord was seeking to establish a statutory lien for rent against chattels purchased by the tenant under a conditional sale agreement (also unrecorded) it was held that the conditional vendee having acquired no property in the goods could not subject them to execution for his own debts (citing Harkness v. Russell, 118 U.S. 663, 7 S.Ct. 51, 30 L.Ed. 285), and that the conditional vendor was entitled to prevail.

Appellant reminds us of terminology we employed in two cases. But what we

---

1. He cites Code 1951, § 15–206 which provides that a writ of fieri facias issued upon a judgment of the U. S. District Court "shall also be a lien upon the equitable interest of the judgment defendant in goods and chattels in his possession." He also cites Code 1951, § 15–209, which prescribes the time from which an execution on a judgment of the Mu-nicipal Court becomes a lien on personalty of a judgment defendant (but does not mention equitable interest). He also cites Code 1951, § 15–212, authorizing levies upon chattels pledged for the payment of a debt, or held by a trustee, or "in other cases of equitable interest" in personalty.

there said is not decisive on the facts of this case. In Zweig v. Schwartz, D.C. Mun.App., 31 A.2d 857, 859, we said that a conditional sale is in the nature of a mortgage and that "the vendor, in substance, retains nothing more than a lien for his security." In that case there was no question of priority of liens. We ruled that though the conditional buyer had perpetrated a fraud by representing herself to be another person, still the conditional vendors, because they had failed to record the agreement, could not recover from a subsequent purchaser for value who had no knowledge of the existence of the conditional sale. In District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App., 76 A.2d 60, 63, we said that the retained title of a conditional vendor "is nothing more than a security interest invocable only upon default by the buyer". But we promptly added that "it is well-settled that the happening of such default clothes the seller with immediate right of repossession, and also the right to subject the property to the satisfaction of the unpaid obligation".[2]

■ Such was the situation here. The conditional sale agreement was duly recorded,[3] vendee was in default and vendor proceeded under the applicable statute to protect its rights. We think there is no escaping the conclusion that the trial court ruled correctly in holding that the petitioner was entitled to prevail.

Before the trial court enters final judgment on our mandate, clarification should be made as to three items involved in the attachment, namely, $45 in cash, a National Cash Register and a Hamilton Beach Mixer unit. A member of the Cooper firm testified that they made no claim to these three items. But in granting Cooper's petition the trial judge did not specifically exempt such items from his order. In order to prevent confusion the final judgment should specifically spell out to whom

they belong. If counsel cannot agree on a modification of the judgment in this respect testimony should be taken to assure that there shall be no doubt or mistake as to ownership of any of the three items involved.

Affirmed, with instructions.

---

2. Citing Ballinger v. West Publishing Co., 44 App.D.C. 49, certiorari denied 239 U.S. 646, 36 S.Ct. 167, 60 L.Ed. 484; McFadden Securities Co. v. Stoneleigh Garage, 60 App.D.C. 400, 55 F.2d 1025; Owens Motor Co. v. Williford, 62 App. D.C. 319, 67 F.2d 691.

3. Counsel for the attaching plaintiff candidly admitted at trial that he had personal knowledge of the existence of the conditional sale agreement and had in fact read it at the Office of the Recorder of Deeds before he issued the execution.