The HOBART MFG. CO., a corporation,
Appellant,

v.

Andrew VOZEOLAS and Jack Hillman,
Appellees.

No. 4416.

District of Columbia Court of Appeals.

Argued Jan. 13, 1969.

Decided July 17, 1969.

Benjamin B. Brown, Washington, D. C., for appellant.

Jack A. Hillman, pro se, with whom Andrew Vozeolas, pro se, appeared on the brief, for appellees.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

In the sale of the Sheridan Bakery to one Peter Fragoyannis, the sellers took back a promissory note secured by a deferred purchase money chattel deed of trust, recorded August 30, 1962, naming appellees Vozeolas and Hillman as trustees. The chattel deed covered "all fixtures, implements and tools connected with or in anywise used in said business" and specifically listed certain items of personalty including a Hobart Mixer #496097.

On November 14, 1963, appellant Hobart Mfg. Co. sold to the Sheridan Bakery a new Hobart mixer, model #A200, serial #1452352 for $585.00 under a conditional contract of sale, reserving title to itself until payment was made in full. A trade-in allowance of $135.00 was given for the mixer covered by the deed of trust which was removed from the premises without notice to the trustees. The conditional sales contract was never recorded.

When Fragoyannis defaulted on his payments under the chattel deed of trust, the secured parties directed the trustees to foreclose. The trustees contacted an auctioneer to inventory the property and to publicly advertise the auction. Though the inventory was taken, the discrepancy in the serial numbers of the mixers was not detected. The trustees also checked with the office of the Recorder of Deeds before the auction took place to ascertain if any chattel liens were outstanding and found none. On November 29, 1965, the new mixer covered by the conditional sales contract was sold at auction for $215.00 and the proceeds of the sale remitted to the secured parties. Some months later Hobart demanded of the trustees the sum of $197.87, representing the unpaid balance of the conditional sales contract after default by Fragoyannis. The trustees responded that they were without funds to consider the claim.

Hobart filed suit against the trustees to recover the $215.00 realized in the sale of its mixer at auction. The trustees filed a third-party complaint against Fragoyannis and the auctioneer, but service of process was never obtained on Fragoyannis. The trial court, applying D.C.Code 1961, § 42–103,[1] found for the defendant trustees and the third-party defendant auctioneer, concluding that

* * * for the purposes of this statute, the trustees were in the position of a purchaser for value without notice. I should say that you [Hobart] might have a claim against Fragoyannis and you might have a claim against Karp; so I am specifically excepting from my ruling any claim that you might have against those two people.[2] But there is a finding for both defendants.

This ruling was in error. An unrecorded conditional sales contract is valid against all except third persons acquiring title [purchasers for value] without no-

---

1. § 42–103 CONDITIONAL SALES
No conditional sale of chattels in virtue of which the property is delivered to the purchaser, but by the terms of which the title is not to pass until the price of said chattels is fully paid, where the purchase-price exceeds $100, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless the terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and filed in the office of the Recorder of Deeds of the District of Columbia, and said writing shall be indexed as if the purchaser were a mortgagor and the seller a mortgagee of such chattels, and shall be operative as to third persons without actual notice of it from the time of being filed.

2. Fragoyannis and the secured parties are Maryland residents.

tice.[3] And it has long been settled that prior mortgagees, in whose stead the trustees stand,[4] are not, nor do they occupy the position of third parties, since they are in no sense purchasers who have given value for property acquired subsequent to their mortgage. Holt & Co. v. Henley, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914); Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339 (1879); cf. John Gill & Sons v. Kahl-Holt Co., 47 App.D.C. 53 (1917). Even if there is a specific provision in the mortgage covering after-acquired property, as the trustees here seem to suggest, the mortgagee acquires only the interest of the mortgagor in the property and no more. York Mfg. Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782 (1906); cf. Beall v. White, 94 U.S. 382, 24 L.Ed. 173 (1877).

The trustees here argue that no information was available to them to show that the mixer sold at auction belonged to someone else, possession being in the conditional vendee with no public record of the conditional sales contract. This argument overlooks the fact that by simply checking the serial number of the mixer sold in foreclosure they would have been on notice that it was not the mixer covered by their chattel deed of trust.

■ We hold that the trustees, as parties to the conversion of Hobart's mixer, may be sued for its value. District of Columbia v. Hamilton National Bank, D.C.Mun.App., 76 A.2d 60 (1950).[5] However, since the value of the mixer exceeded the unpaid balance of the conditional sales contract, Hobart is entitled to recover only the amount due under its contract. Aeroglide Corp. v. Zeh, 301 F.2d 420 (2d Cir.), cert. denied, 371 U.S. 822, 83 S.Ct. 38, 9 L.Ed. 61 (1962).

Reversed with instructions to enter judgment for appellant.

---

3. See, e. g., Stern Co. of Washington, Inc. v. Rosenberg, 67 App.D.C. 99, 89 F.2d 843 (1937) (statutory landlord's lien); C.I.T. Corp. v. Carl, 66 App.D.C. 232, 85 F.2d 809 (1936) (levying judgment creditor); Higgins v. Central Cigar Co., 59 App.D.C. 9, 32 F.2d 400 (1929) (attaching creditor).

4. The trustees assume the same trust obligations in accepting the trust that would be imposed upon the mortgagee. W.A.H. Church, Inc. v. Holmes, 60 App.D.C. 27, 46 F.2d 608 (1931); Paroni v. Quick D.C.App., 211 A.2d 765 (1965).

5. We express no opinion as to the liability of any other parties to this transaction. The trustees took no action to preserve any claim they might have over against the auctioneer. See Palm v. Bachrach, 55 App.D.C. 302, 5 F.2d 125 (1925). Nor did they make any claim against Hobart for removing the old mixer from the premises without their permission. See Goodrich Silvertown Stores v. F. M. Rugg Motor Sales, 137 Ohio 66, 27 N.E. 2d 936 (1940).